In re Owen Randolph SPURGEON, Jr.,
84–03979–SW, Debtor.

Judy Kay SPURGEON,
Plaintiff/Appellee,

v.

Owen Randolph SPURGEON, Jr.,
Defendant/Appellant.

Adv. Nos. 85–0242–CV–SW–O,
85–5160–CV–SW–O.

United States District Court,
W.D. Missouri,
Southwestern Division.

July 2, 1986.

Gene C. Thompson, Carthage, Mo., for plaintiff/appellee.

Douglas Winchester, Love and Doran, Springfield, Mo., for defendant/appellant.

### ORDER

ROSS T. ROBERTS, District Judge.

Before the court is an appeal of the bankruptcy court's order of September 20, 1985, finding that certain amounts owed by appellant to his former spouse were nondischargeable support within the meaning of § 523(a)(5) of the Bankruptcy Code. For the reasons stated below, the bankruptcy court's decision will be affirmed.

### I.

*Statement of the Case*

Appellant in this proceeding was previously married to appellee, Judy Kay Spurgeon. A divorce decree was entered by the circuit court of Jasper County, Missouri, on August 8, 1979. Appellee was awarded custody of the couple's three minor children. Two provisions in the decree form the basis of this dispute. The first requires appellant to "be responsible for all reasonable and necessary dental bills including orthodontic care that may be required by said minor children." The second entitles appellee to half the proceeds on a $5,500 promissory note which the decree describes as "an obligation owing the parties from the sale of a tract of real

estate sold by the parties prior to the commencement of this dissolution proceeding." The decree also declares that "no maintenance shall be paid to either party." Among the bankruptcy court's findings of fact were that appellant had received the $5,500 owed on the promissory note, but had not remitted half to appellee, and further, that appellee had incurred $900.00 in dental expenses on behalf of the parties' daughter Misty. The bankruptcy court determined that these sums, which total $3,650, were nondischargeable support. This appeal followed.

## II.

### Standard of Review

Under Bankruptcy Rule 810, a reviewing court must accept the bankruptcy judge's factual findings unless they are clearly erroneous. A finding is clearly erroneous, when, although there is evidence to support it, the evidence taken in toto leaves the reviewing court "with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *First Nat'l Bank of Clinton v. Julian*, 383 F.2d 329 (8th Cir.1967). The reviewing court is not so constrained when the error consists of giving the wrong legal significance of the facts, *Solomon v. Northwestern State Bank*, 327 F.2d 720, 724 (8th Cir.1964), and may make independent determinations of law. *Walker v. Commercial Nat'l Bank*, 217 F.2d 677, 681 (8th Cir.1954).

## III.

### Discussion

■ Under the Bankruptcy Reform Act of 1978, a debtor's alimony, maintenance, or support obligations pursuant to a divorce decree cannot be discharged in bankruptcy. 11 U.S.C. § 523(a)(5). Property settlements, on the other hand, are subject to discharge. In determining which classification to employ, the bankruptcy court looks not to the current circumstances of the parties, but rather what they intended when the divorce decree was entered. This

is a question of fact for the bankruptcy court to decide, and may be set aside only if the court's findings were clearly erroneous. *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir.1984); *In re Williams*, 703 F.2d 1055, 1057–58 (8th Cir.1983). The debtor argues that I should rely instead on *In Re Demkow*, 8 B.R. 554 (Bkrtcy.N.D.Ohio 1981), in which the court held that if the agreement did not designate the obligation as alimony, support, or maintenance, the court "must find as a matter of law that the debt is dischargeable." *Id.* at 555. This I am not at liberty to do, and hence the "clearly erroneous" standard will be applied.

■ Turning first to the matter of dental and orthodontic bills, appellant attempts to distinguish *In re Lineberry*, 9 B.R. 700, 706 (Bkrtcy.W.D.Mo.1981), in which the court held an agreement to pay orthodontic bills nondischargeable. The factors cited by the *Lineberry* court as meriting particular weight were salary disparity, and the physical and emotional needs of the child. The court also noted that the payments were to be made to the former spouse, not a third party, and that the orthodontic care had already begun, as evidence that the payments were in the nature of support. Appellant here argues that there was no "apparent" income disparity, since the decree specifically provided that neither party was entitled to maintenance, and, further, that no evidence was adduced on whether the dental expenses were "reasonable and necessary" as required by the decree. I find none of the distinguishing factors cited by appellant compelling. As another court found in dealing with this issue, "orthodontic payments ... are clearly intended for the economic welfare of the child." *In re Presler*, 34 B.R. 895 (Bkrtcy.M.D. Tenn.1983). The bankruptcy judge noted in this case that "[t]he sum of the plaintiff's expenditures for the orthodontic treatment of Misty Spurgeon is established by a state court judgment in the sum of $900, an amount which is approximately evidenced by the facts adduced independently in the action at bar." The judge relied on *In re Williams*, 703 F.2d 1055,

1057 (8th Cir.1983), for the dual propositions that (1) "the crucial issue is the function the award was intended to serve," and (2) " 'provisions to pay expenditures for the necessities and ordinary staples of everyday life' may reflect a support function." (citations omitted). The court then concluded that dental treatment and orthodontic care fall squarely within these criteria. There is nothing "clearly" or otherwise erroneous in this reasoning, and the bankruptcy court's decision on this point will be affirmed.

■ The bankruptcy court's findings with respect to the promissory note, while perhaps somewhat more problematic, are not subject to attack under a "clearly erroneous" standard. The bankruptcy judge first observed that the child support payments of $100 per month per child were "uncommonly low according to the standards of the time," and second, that the payment of cash "always bears a greater resemblance to a support award than to a property division or settlement." I do not disagree with the observation that the amount of child support payments appears low, nor with the inference drawn by the bankruptcy judge that the proceeds from the promissory note may have been intended to compensate for the "meager awards of periodic support." This conclusion is further bolstered by the structure of the decree itself. After declaring the marriage dissolved and awarding custody of the children to the mother, the decree deals with child support and dental care, then proceeds to divide the couple's real property, and follows with a division of personal property and debts. The decree then returns to the children, and determines who may claim whom as income tax deductions. This is followed by a provision requiring appellant to maintain health and accident insurance coverage for the children. It is at this point that the proceeds from the promissory note are divided. While I am not overwhelmed by the significance of the placement of this language, it does add slightly to the conclusion that this payment may have been intended to augment other support. In any event, the fact that child support payments were relatively low, cou-

pled with the fact that this provision appears in connection with other support obligations, lend sufficient credence to the bankruptcy court's decision. Stated somewhat differently, I am *not* left with the "definite and firm conviction that a mistake has been committed." *United States Gypsum Co.*, 333 U.S. at 395, 68 S.Ct. at 542.

It is accordingly

ORDERED that the bankruptcy court's decision be affirmed.