William K. Rogers, New Orleans, La., for debtors.

Barry Vaughn, Sylacauga, Ala., for plaintiff.

In re David Roy BRAZIER and Sharon Alice Brazier, Debtors.

**Gwen Smith Brazier
HARWELL, Plaintiff,**

v.

**Roy David BRAZIER, a/k/a David Roy Brazier, Defendant.**

**Bankruptcy No. 86–8512.
Adv. No. 87–0263.**

United States Bankruptcy Court,
N.D. Alabama.

Dec. 31, 1987.

## FINDINGS AND CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr.,
Bankruptcy Judge.

*Introduction—*

The above-styled adversary proceeding was commenced by a former spouse of David Roy Brazier, a debtor in the above-styled case, to determine the dischargeability of a debt alleged by the former spouse to be for support of a child of the debtor and, therefore, nondischargeable under 11 U.S.C. § 523(a)(5). The plaintiff has moved for summary judgment. Upon taking judicial notice of the clerk's file and there being no dispute as to any other fact, the Court finds the facts as follows:

1. The debtors, David Roy Brazier and Sharon Alice Brazier, filed a petition in bankruptcy under chapter 7 of title 11, United States Code, on October 22, 1986, commencing this case, which remains pending under said chapter 7;

2. A final judgment was rendered in the Circuit Court of Talladega County, Alabama, on December 11, 1986, in the case of *Brazier v. Brazier,* DR–80–106.02, which provided in part the following:

That the Defendant [defendant here] owes the Plaintiff [plaintiff here] the sum of $2,000.00 for past due child support payments. That the Plaintiff is entitled to recover a reasonable attorney fee

for the collection of same which the Court finds to be the sum of $400.00. That since the prior decree of this Court fixing the amount of child support payments, the Defendant has suffered financial adversity as well as partial physical disability. His income has diminished from the sum of $14.50 per hour to $5.00 per hour amounting to a 66% loss in income. The Court finds that under the circumstances it would be unjust to find that the Defendant willfully and contemptuously failed and refused to abide by the orders of the Court. That the Defendant's child support payments should be reduced, and the Plaintiff should be allowed to claim the minor child as a dependent for income tax purposes.

. . . .

That the cost be taxed against the Defendant.

3. On February 6, 1987, the debtors filed an amendment to their bankruptcy petition, adding the plaintiff as a creditor having an unsecured claim in the amount of $460.00, said sum representing the attorney's fees and costs mentioned in the state court judgment.

*Conclusions of Law—*

· Debts for maintenance or support of a child of a debtor are not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5). The issue in this proceeding is whether the attorney's fees and costs awarded to the plaintiff in the Circuit Court of Talladega County, Alabama, are child maintenance or support and, therefore, nondischargeable in bankruptcy. This Court, in *In re Haney,* 33 B.R. 6, 8–9 (Bankr.N.D.Al.1983) stated as follows:

Throughout the history of United States bankruptcy law, family support obligations have been excepted from discharge in bankruptcy. 1 Norton, Bankr. Law & Practice § 27.56 (1981). In Bankruptcy Code § 523(a)(5) the current embodiment of this earlier policy, that debtors should support their dependents, is balanced against the avowed purpose of the Code to provide the debtor with the

possibility of a fresh start. *In re Voss,* 20 B.R. 598, 601 (Bkrtcy. Iowa 1982). . . .

The burden of proof that a debt falls within a statutory exception to discharge is on the party objecting to dischargeability of the particular debt. *Matter of Cross,* 666 F.2d 873, 880 (C.A. 5, 1982); *Matter of Vande Zande,* 22 B.R. 328, 330 (Bkrtcy.W.D.Wis.1982); *In re Voss, supra.*

The question of whether a debt is alimony is a federal, not a state law, question. *In re Cartner,* 9 B.R. 543, 546 (Bkrtcy.M.D.Ala.1981); *H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 363 (1977).* This Court is not bound by the classifications placed on the debts in the divorce decree, but must attempt instead to effectuate the parties' and the divorce court's intent in determining whether an obligation created in a divorce decree is dischargeable in bankruptcy.

Attorney's fees to be paid to counsel for a former spouse in a divorce proceeding have been held to constitute a "debt ... for alimony to, maintenance for, or support ..." and, therefore, nondischargeable under 11 U.S.C. § 523(a)(5). *In re Delaine,* 56 B.R. 460, 469 (Bankr.N.D.Al.1985).[1]

Defendant's attorney argues that the burden of proof which rests upon plaintiff has not been met for that it is incongruous to interpret the state court's decree as at once awarding additional maintenance or support and reducing the same. Counsel's argument, however, overlooks that the awards are with respect to past-due support payments, while the reduction in periodic support payments is entirely prospective. Thus, the debtor's child is awarded additional support in regard to the period elapsed, when payments by the defendant were not made (which necessitated legal action to collect his arrearage), but the future payments are reduced to bring them in line with his reduced income. The fact that the support payments referred to would be made to the plaintiff, rather than the child beneficiary of the payments, is immaterial.

1. See also cases there cited. 56 B.R. at 469.

One further aspect of the plaintiff's claim requires mentioning. The state court judgment of December 11, 1986, bears a date *after* the October 22, 1986, date of the filing of the debtors' bankruptcy petition. In a chapter 7 case a discharge order "discharges the debtor from all debts that arose *before* the date of the order for relief under this chapter." [2] [Emphasis added.] Except as provided in 11 United States Code § 502—provisions not applicable to the plaintiff's type of claims—debts arising postpetition are not discharged.[3] In 11 United States Code § 301, it is provided that a voluntary case under a chapter of title 11 is *commenced* by the filing of a debtor's petition under such chapter and that "[t]he commencement of a voluntary case under a chapter of this title *constitutes an order for relief* under such chapter." [Emphasis added.]

It may thus be that the plaintiff's claims are not within the general reach of an order of discharge in this case, whether excepted from such a discharge or not under 11 United States Code § 523. Admittedly, however, an argument can be made that the plaintiff's claims [4] arose during the protracted default of the defendant in paying child support payments prepetition or mostly prepetition; but, before entry of the state court judgment the claims for an attorney's fee and for court costs have an ethereal look.

Based upon the foregoing facts, the Court concludes that the attorney's fees and costs of plaintiff's award in the Circuit Court of Talladega County, Alabama, are part and parcel of the support granted for defendant's child and are incapable of separation therefrom.

A judgment for the plaintiff, adjudging said debts nondischargeable in this case, will be entered.

---

**2.** 11 U.S.C. § 727(b). In 11 United States Code § 523, certain types of debts, of course, are excepted from the broad sweep of the words "all debts" used in section 727(b).

**3.** 11 U.S.C. § 727(b).

**4.** A "claim" is defined in 11 United States Code § 101(4), where it is given a very broad meaning.