**In re Joel ZIMBEROFF, Debtor.**

**William R. JACOBS, II, Plaintiff,**

**v.**

**Joel ZIMBEROFF, Defendant.**

**Bankruptcy No. 88 B 00813.
Adv. No. 88 A 0261.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 31, 1988.

Arthur S. Gold, Levenfeld & Gold, Ltd., Chicago, Ill., for debtor/defendant.

Walter Soroka, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

A judgment for dissolution of marriage was entered by the Circuit Court of Cook County in the marriage of Patricia and Joel Zimberoff. The divorce court judgment ordered the Debtor, Mr. Zimberoff, to provide child support payments to his former wife. The Debtor was not diligent in maintaining the child support payments. Mrs. Zimberoff then hired William R. Jacobs II, the plaintiff in this adversary proceeding, to secure post-decree enforcement of the child support payments. Mr. Jacobs filed four petitions in the divorce court for a Rule on the Debtor to Show Cause why he should not be held in contempt for his failure to comply with the judgment of dissolution. The divorce court entered an order on October 23, 1985 obligating the Debtor to pay attorney's fees to Mr. Jacobs in the amount of $3,500.00. That Order did not mention that the award of attorney's fees was based on the financial resources of the parties nor did it make any mention of Mr. Jacobs' efforts to enforce child support payments. The Debtor paid only $1,000.00 of the $3,500.00 allowed by the state court.

His bankruptcy petition was filed on January 21, 1988. The remaining $2,500.00 was listed as an unsecured debt on the Debtor's schedules.

■ Mr. Jacobs has filed an adversary proceeding to declare the $2,500.00 non-dischargeable under § 523(a)(5) of the Bankruptcy Code. That section provides:

(a) a discharge under § 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the Debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

.　　.　　.　　.　　.

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support. 11 U.S.C. § 523(a)(5).

The Court must decide whether the $2,500.00 due for attorney's fees under the state court's order is in the nature of alimony, maintenance or support and therefore non-dischargeable, or whether it is in the nature of a property settlement and therefore is dischargeable.

The evidence before the Court is scant. The parties have stipulated that the debt was incurred by the Debtor's ex-wife to hire Mr. Jacobs to secure a post-decree enforcement of child support. There is no evidence in the record as to the relative financial resources of the Debtor and his ex-wife. Nor does the divorce court order mention the basis of the award. Nevertheless, the available evidence is sufficient to establish that the debt is in the nature of alimony, maintenance or support and therefore is non-dischargeable.

■ It is well established that federal bankruptcy law rather than state law will determine whether a debt is in the nature of a property settlement or in the nature of maintenance and support. *In re Cockhill,* 72 B.R. 339 (Bankr.N.D.Ill.1987). However, the bankruptcy court must attempt to ascertain the intent of the divorce court and the parties. Any state statutes upon which the divorce court bases its award are therefore relevant. *Id.* Under Ill.Rev. Stat. Ch. 40 § 508(a), Illinois Courts are required to consider the relative financial resources of the parties before ordering one ex-spouse to pay the attorney's fees of the other ex-spouse.[1] Therefore, an award of attorney's fees in an Illinois divorce proceeding is generally considered in the nature of maintenance or support. *See e.g., In re Abitua,* 18 B.R. 674 (Bankr.N.D.Ill. 1982); *In re Wells,* 8 B.R. 189 (Bankr.N.D. Ill.1981).

There is no reason to believe that the divorce court ignored its responsibilities under Ill.Rev.Stat. Ch. 40 § 508 when it ordered the Debtor to pay Mr. Jacobs' attorney's fees. Those responsibilities included the determination that Mr. Zimberoff was financially better able to pay the fees or that Mrs. Zimberoff was financially unable to do so. *See, In re Sanborn,* 396 N.E.2d 1192, 78 Ill.App.3d 146, 33 Ill.Dec. 468 (1979).

■ In addition, the attorney's fees were incurred in the enforcement of an order for child support. Attorney's fees awarded for enforcing the decree of a divorce court for maintenance or support are also considered maintenance or support. *See, In re Brazier,* 85 B.R. 601 (Bankr.N.D.Ala.1987). In

---

1. That statute provides:

(a) The court from time to time, after due notice and hearing, and *after considering the financial resources of the parties,* may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred or, for the purpose of enabling a party lacking sufficient financial resources to obtain or re- tain legal representation, expected to be incurred by the other spouse, which award shall be made in connection with the following:

.　　.　　.　　.　　.

(2) The enforcement or modification of any order or judgment under this Act.
Ill.Rev.Stat. Ch. 40 § 508 (1988) (emphasis added).

*Brazier,* the Bankruptcy Court found that attorney's fees awarded to the Debtor's ex-spouse for past due child support payments were non-dischargeable. The divorce court's order stated that the attorney's fees awarded to the Debtor's ex-wife were for the collection of past due child support payments. However, the Court held that labels describing the award in the divorce decree were not binding on the bankruptcy court. 85 B.R. at 602 *citing In re Haney,* 33 B.R. 6, 8–9 (Bankr.N.D.Ala. 1983). *See also In re Woods* 561 F.2d 27, 29 (7th Cir.1977). The *Brazier* Court followed the general rule that payment of an ex-spouse's attorney's fees incurred in a divorce proceeding are generally in the nature of support and maintenance.

 Similarly, *In re Cockhill,* 72 B.R. 339 (Bankr.N.D.Ill.1987), held that the Debtor's obligation to pay attorney's fees incurred by his ex-wife in a divorce proceeding was in the nature of maintenance and support. The divorce court's order awarding the attorney's fees stated that the fees were "part of the child support and therefore nondischargeable in bankruptcy." 72 B.R. at 340. Nevertheless, the bankruptcy court did not base its finding on this label in the divorce decree. Instead, the bankruptcy court examined the divorce court's duty under Ill.Rev.Stat. Ch. 40 § 508(a) to award attorney's fees on the basis of the parties' relative financial needs. There was no evidence presented that the award of attorney's fees was based on other than the financial resources of the parties.[2] The divorce court was therefore presumed to have fulfilled its duty under the statute. Since financial need is indicative of the divorce court's intent to award support and maintenance, *see In re Woods,* 561 F.2d 27 (7th Cir.1977), a divorce court which awards fees under Ill.Rev.Stat. Ch. 40 § 508(a) is presumed to

intend that the award be characterized as maintenance and support.[3] The *Cockhill* Court therefore found the debt to be non-dischargeable.

Even the scant facts in this case are sufficient to carry the plaintiff's burden. The attorney's fees were incurred to collect past due child support payments. The divorce court ordered the Debtor to pay those fees pursuant to the standards of Ill.Rev.Stat. Ch. 40 § 508. The logical inferences from these facts remain unrebutted. This Court therefore concludes that the Debtor's obligation to pay attorney's fees in the amount of $2,500.00, incurred to secure post-decree enforcement of child support payments are in the nature of maintenance and support and are therefore nondischargeable under § 523(a)(5) of the Bankruptcy Code.

An order will be entered accordingly.

---

**2.** However, the *Cockhill* Court had before it the divorce court pleadings which alleged that the debtor's ex-wife was without sufficient funds to support herself.

**3.** The bankruptcy court must also consider other evidence of the obligation's substance which may prove that even an award made pursuant to Ill.Rev.Stat. Ch. 40 § 508 is in the nature of a

property settlement. In *In re Schroeder,* 25 B.R. 190 (Bankr.N.D.Ill.1982), an award of attorney's fees under the Illinois statute was held to be dischargeable. There, the debtor was unemployed as was his ex-wife who had also explicitly waived her right to alimony or maintenance and received only minimal child support. No such evidence is available in the case at bar.