In re James Arthur BOYER, Debtor.

Linda Lou BOYER, Plaintiff,

v.

James Arthur BOYER, Debtor and Marika Tolz, Trustee, Defendants.

Bankruptcy No. 89–01554–BKC–SMW. Adv. No. 89–0291–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Sept. 1, 1989.

Robert C. Meacham, Dykema Gossett, Ft. Lauderdale, Fla., for creditor.

John A. Watson, Ft. Lauderdale, Fla., for debtor.

Jack F. Weins, Abrams, Anton, Robbins, Resnick & Schneider, Hollywood, Fla., for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN THE ADVERSARY CASE OF LINDA BOYER V. JAMES BOYER, DEBTOR–COUNT II

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court upon Count II of the Complaint of LINDA LOU BOYER (the "Creditor") against JAMES ARTHUR BOYER (the "Debtor") and MARIKA TOLZ (the "Trustee") to determine whether or not certain proceeds are property of the estate under 11 U.S.C. § 541(a), (b) or (d) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a), (b) and the District Court's General Order of Reference. This is a core proceeding which the Court is authorized to hear and determine all matters relating to this cause in accordance with 28 U.S.C. § 157(b)(2)(I).

On July 1, 1987, the Debtor and Creditor were divorced pursuant to a Memorandum Decision entered by the Danbury Superior Court located in Danbury, Connecticut. Among other things, the Memorandum Decision recognized the existence of a Super Saver Account (also known as a 401K Plan) provided by the Debtor's employer, American Airlines. As of December 31, 1986, that account had a balance of $23,116.00.

In its Memorandum Decision, the Danbury Court ordered that the Debtor would be permitted upon his discretion to use the fund for the education of the Debtor's and Creditor's children, but in the event and to the extent that fund was not used by July 1, 1991, the balance of that fund would be disbursed to the Creditor as lump sum alimony. A subsequent Supplemental Memorandum Decision entered by the same Court reaffirmed the restrictions on the use of that fund.

In early 1988, the Debtor applied to American Airlines for the disbursement of that account. After various motions and hearings, the Debtor was incarcerated with instructions that he could purge himself by satisfying various financial obligations, including the reimbursement of the Super Saver Funds. On April 15, 1988, Debtor's counsel appeared before the Danbury Superior Court and tendered a check to satisfy the bulk of the Debtor's then existing financial obligations. That check did not re-establish the Super Saver Account in its entirety, and the amount of $14,489.49 was ultimately deposited by the Debtor toward the goal of re-establishing the Super Saver Account with the Creditor's divorce attorney, Norman Voog, as Trustee. Pursuant to that tender, the Danbury Superior Court found substantial compliance with the purge order and released the Debtor from incarceration.

On March 31, 1989, the Debtor filed his voluntary Petition under Chapter 7. The Debtor listed the fund held with Norman Voog as a dischargeable unsecured debt on Schedule A–3. The Creditor has filed this Adversary Proceeding seeking, among other things, to establish that the account held

by Attorney Norman Voog does not comprise property of the estate under 11 U.S.C. § 541(a) or was excluded pursuant to 11 U.S.C. § 541(b).

The Creditor argues that the Debtor has no equitable interest in the subject fund because of the express limitations placed on that fund by the Danbury Superior Court. Similarly, the Creditor argues that the Trustee can take only that interest which the Debtor himself could assert and, therefore, the Trustee has either no claim to the fund, or only a legal claim to the fund to direct its use toward the college education of the children. To the contrary, the Debtor and the Trustee argue that the fund does belong to the Debtor and that the Debtor has both a legal and equitable interest in the fund. As such, the Debtor and Trustee argue that the proceeds should be used for the benefit of all creditors of the estate.

Although § 541(a)(1) provides a broad definition for the phrase "property of the estate," the legislative history and case law interpreting that section precludes the enlargement of "the debtor's rights against others beyond those existing at the commencement of the case." *N.S. Garrott & Sons v. Union Planters National Bank of Memphis*, 772 F.2d 462, 466 (8th Cir.1985). In the instant case, the Creditor has a vested interest in the proceeds which is subject only to a reduction for the payment of college expenses for the children at the option of the Debtor. The Debtor does not maintain any equitable interest in the proceeds, and therefore, the Trustee who succeeds to the Debtor's interest cannot exercise rights greater than the Debtor's rights at the commencement of the case. *Id.* at 466.

The evidence presented indicates that the Debtor's interest is devoid of any beneficial title, and that the Debtor is merely an agent for the disbursal of the funds belonging to others. The Debtor maintains only minimal control over the funds by virtue of his ability to direct the payment of the funds through July 1, 1991 for payment of the Creditor's and Debtor's children's education and that limited control is insufficient to bring the funds into the estate. *In re: Joliet–Will County Community Action Agency*, 847 F.2d 430 (7th Cir.1988). In essence, the Debtor's relationship to this fund is nothing more than that of an agent appointed to carry out specific tasks. Under this set of circumstances, even assuming that the property somehow became part of the estate, the property would be excluded under § 541(b)(1).

Based on the foregoing facts and applicable law, this Court finds that the principal sum of $14,489.49 held by attorney Norman Voog is not property of the estate, and further finds that the Trustee has no claim to those funds.

DONE AND ORDERED.