In re Reginald D. ROGERS and Bonnie
L. Rogers, Debtors.

Reginald ROGERS, Plaintiff,

v.

Mary P. KILEY, Defendant.

Bankruptcy No. 5–89–00345.
Adv. No. 5–90–0018.

United States Bankruptcy Court,
M.D. Pennsylvania.

Aug. 7, 1990.

John J. Thomas, Wilkes–Barre, Pa., for
plaintiff.

Thomas Gent, Binghamton, N.Y., for defendant.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Before the Court is a complaint of the debtor, Reginald D. Rogers (hereinafter "Plaintiff") requesting determination of dischargeability of debts pursuant to 11 U.S.C. § 523(a)(5) of the Bankruptcy Code. For the reasons provided herein, we find the debts subject to the complaint are non-dischargeable.

The facts are as follows. Pursuant to a Separation Agreement dated September 8, 1985, the plaintiff agreed to pay certain medical expenses and a mortgage obligation on behalf of the defendant. This Separation Agreement was made a part of the judgment of the Supreme Court of the State of New York, County of Broome, and dated September 12, 1986, which dissolved the marriage. The Separation Agreement was thereafter amended on or about March 31, 1986. Plaintiff argues that the Separation Agreement clearly indicates that the mortgage payments were intended to represent a property settlement and that the modification created an ambiguity by referencing the mortgage payment and medical bills as a support obligation of the plaintiff. Plaintiff contends that the mortgage debt and payment of the medical expenses are not in the nature of alimony, maintenance or support and are therefore dischargeable in the debtor's Chapter 13 bankruptcy.

The defendant responds that the amendment to the original support agreement only served to redefine the manner in which the support was paid. Defendant claims that prior to the modification the plaintiff paid the defendant a monthly lump sum from which the defendant made the mortgage payment. Thereafter, in order to ease the method of payment of the mortgage, the modification directed the plaintiff to make the mortgage payment directly to the mortgagee for 4 and ½ years commencing August 1, 1986. Additionally, the modification provides that plaintiff is to maintain existing medical and hospital insurance for the defendant and the children so long as they are eligible and all uninsured medical expenses for the defendant and the children are to be paid by plaintiff.

Section 523(a)(5) reads as follows:

§ 523. **Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt

\*　　\*　　\*　　\*　　\*　　\*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a government unit, or property settlement agreement, but not to the extent that

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designed as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

To make a determination we must look to the language found in the Separation Agreement and the modification. Under the Separation Agreement and in particular at Paragraph 4 we find the following:

"4. *SUPPORT.* As and for family support, the Husband agrees to have his employer send directly to the Wife his bi-monthly net paycheck of $805, his monthly expense reimbursement check, and his monthly commission check. From said funds the Wife shall give to the Husband the sum of $75.00 per week and from the balance of funds she shall pay all other household expenses and bills including the car payment, car insur-

ance, the Sunoco bill (representing business expenses only) and the American Express bill (representing business expenses only). In event that the Wife becomes employed on a full-time basis, the amount of support shall be subject to review. Such support shall also be reviewable in the event of the emancipation of any of the children, or in the event of the remarriage of the Wife. Upon the emancipation of all of the children, the Husband shall no longer be liable for any support whatsoever."

Further, Paragraph 5 reads as follows:

"5. *EQUITABLE DISTRIBUTION.* Husband and Wife are owners of certain property, real and personal, and they are desirous of allocating such property as follows:

(a) *Real property located 3 Mason Avenue, Binghamton, New York.* Husband agrees to transfer all of his right, title and interest in said real property to the Wife by warranty deed. She, thereafter, will be fully responsible for all expenses involved with said property."

Thereafter, the parties entered into an Amended Agreement which reads in its entirety as follows:

"WHEREAS, the parties entered into an agreement of separation dated September 8, 1985 and

WHEREAS, the parties are desirous of amending said agreement in certain respects, it is hereby agreed that

1. Paragraph 4 shall be modified to read:

As and for family support, the Husband agrees to pay the sum of $150.00 per week support for the children. The Husband shall also continue to pay the mortgage in the amount of $678 per month for a period of four and one half years commencing with the April 1, 1986 payment. Such support shall be reviewable in the event of the emancipation of any children, or in the event of the remarriage of the Wife. Upon the emancipation of all of the children, the Husband shall no longer be liable for any support whatsoever.

The Husband shall maintain the existing medical and hospital insurance so long as the Wife and children are eligible. All uninsured medical for the Wife and children would be paid by the Husband providing it is reasonable and necessary. This shall include all arrears for the psychotherapy for the Wife to the date of this modification.

2. All other provisions not heretofore amended shall remain in full force and effect as if fully set forth herein."

The plaintiff claims that the above quoted language from both the Separation Agreement and the amendment thereto have created an ambiguity. Specifically, the plaintiff argues that the language of the Separation Agreement is clear that the mortgage payment is only an expense involved with the property and, therefore, a part of the property settlement and cannot be considered alimony or support. Furthermore, plaintiff notes that the mortgage payments under the amendment are made directly to the mortgagee and are, therefore, not a debt owed directly to the spouse or dependent.

In *In re Combs,* 101 B.R. 609 at 616 (9th Cir. BAP 1989), the Court noted as follows:

"In interpreting a decree, and even in deciding if it is ambiguous, the court should consider the surrounding circumstances and all other relevant incidents bearing on the parties' intent when they entered into the decree. Parol evidence is admissible to clarify the parties' intent. *See In re Shaver,* 40 B.R. 964, 968 (D.Nev.1983), *aff'd,* 736 F.2d 1314 (9th Cir.1984). A significant factor is whether there are other provisions in the agreement separate and distinct from the provision in question which is designated as support payments and which terminate at a specific date or upon a specific event. *In re Smith,* 61 B.R. 742, 745–46 (Bankr.D.Mont.1986)."

Though the language of the Separation Agreement might be arguably ambiguous, we find that the amendment has clearly indicated that the payments to both the mortgagee and for medical expenses are support obligations. Additionally, we note

that under the original Separation Agreement and under Paragraph 4 specifically, the plaintiff was making a lump sum payment of over $800 monthly to the defendant. From that amount the defendant was making a mortgage payment directly to the mortgagee. Further, we note that the amount paid by plaintiff to defendant under the amended agreement is almost to the dollar the same amount as provided for in Paragraph 4 of the Separation Agreement. The only change in circumstances is that the amendment directs the plaintiff to make the mortgage payment directly to the mortgagee. We find that the language of the amended agreement is clear and specific and certainly clarifies any ambiguity that may have existed under the Separation Agreement.

The *Combs* Court at p. 615 also wrote:

"In order to determine whether a debt is a nondischargeable spousal support obligation or a dischargeable property settlement, the court must ascertain the intention of the parties at the time they entered in their stipulation agreement, *In re Yeates*, 807 F.2d 874, 878 (10th Cir. 1986), and not the current circumstances of the parties. *In re Spurgeon*, 80 B.R. 477, 478 (W.D.Mo.1986). The court should look to the substance of the obligation in the agreement, *In re Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984); *In re Freyer*, 71 B.R. 912, 916 (Bankr.S.D.N.Y. 1987), and generally should disregard labels and titles. *Matter of Campbell*, 74 B.R. 805, 809 (Bankr.M.D.Fla.1987); *Matter of Heverly*, 68 B.R. 21, 22 (Bankr. M.D.Fla.1986). If the provision's intended function is to provide a necessity of life, it is ordinarily held to be nondischargeable maintenance support. *Matter of Quinn*, 44 B.R. 622, 624–25 (Bankr.W.D.Mo.1984)."

Reviewing all of the circumstances of the parties at the time they entered the agreement, we find that the Separation Agreement and the amendment were intended by both parties to provide necessities of life for the both the defendant and her children and that the payment of both the mortgage and the medical expenses by the husband is a critical factor in the wife's ability to maintain a home for both herself and the children. Consequently, these debts are nondischargeable under the terms of the United States Bankruptcy Code, 11 U.S.C. § 523(a)(5).