In re Timothy D. BEATTIE, Debtor.

Julia L. WISELY, f/k/a Julia
L. Beattie, Plaintiff,

v.

Timothy D. BEATTIE, Defendant.

Bankruptcy No. 91–30924.
Adv. No. 92–3067.

United States Bankruptcy Court,
S.D. Illinois.

Feb. 17, 1993.

---

Gerald S. Reed, Murphysboro, IL, for plaintiff.

Alan R. Farris, Sparta, IL, for defendant.

---

1. The date on which the debtor received his worker's compensation award is not specified in the pleadings. However, the debtor admits paragraph 7 of the plaintiff's amended complaint, which alleges that the debtor received the award prior to his Chapter 7 filing.

**OPINION**

KENNETH J. MEYERS, Bankruptcy Judge.

The debtor's ex-wife brought this adversary proceeding to determine the status of obligations arising out of a judgment of dissolution of the parties' marriage and to determine her rights in property awarded in that judgment. Both parties have filed motions for summary judgment, and there is no dispute as to the facts.

On July 24, 1991, the Circuit Court of Randolph County, Illinois, entered a judgment dissolving the marriage of plaintiff, Julie Wisely, and debtor, Timothy Beattie. The court ordered that the debtor pay medical and hospital expenses of the parties' minor child and the wife's attorney fees incurred in a proceeding to hold the debtor in contempt for failure to obtain health insurance for the child. The court further ordered that the plaintiff be awarded "forty percent (40%) of the net received by the [debtor] after July 12, 1991, from his pending worker's compensation action," with the debtor being awarded sixty percent. The court directed the debtor, "upon receipt of the check settling the matter, to take the check to [the debtor's attorney] who is then required to place the check in his trust account and make appropriate disbursements to the plaintiff and an accounting as to how the net amount is determined."

Prior to filing his bankruptcy petition on August 16, 1991, the debtor received his worker's compensation award but failed to deliver forty percent of the award to the plaintiff as ordered by the state court.[1] In his bankruptcy schedules, the debtor claimed the entire amount of the worker's compensation proceeds as exempt property and listed the plaintiff as an unsecured creditor regarding the obligations imposed by the judgment of dissolution.

The plaintiff filed this action seeking a determination that the debtor's obligations to pay medical and hospital expenses and attorney fees from the contempt proceed-

ing constitute nondischargeable debts under 11 U.S.C. § 523(a)(5) as being in the nature of alimony, maintenance or support. The plaintiff further seeks a declaration that the worker's compensation proceeds awarded her by the state court became her separate property upon entry of the dissolution judgment. She asserts that these proceeds, as her property, did not become part of the debtor's estate and that the debtor's obligation to turn over the amount of her award was not a "debt" subject to discharge in bankruptcy.

## I.

At issue is whether the plaintiff's entitlement to forty percent of the worker's compensation proceeds constitutes a debt in the nature of a property division or whether it represents a property interest that was distributed by the state court judgment. An indebtedness in a decree of dissolution that merely effects the division of property is dischargeable in bankruptcy. *Matter of Coil*, 680 F.2d 1170, 1171 (7th Cir.1982); *In re Slingerland*, 87 B.R. 981, 984 (Bankr.S.D.Ill.1988). In the present case, the debtor argues that the dissolution judgment created such a debt or obligation by requiring that he pay a portion of his worker's compensation proceeds to the plaintiff.

The debtor's argument must fail because he incorrectly presumes that the entire amount of the worker's compensation proceeds remained his property despite the state court judgment awarding forty percent of the proceeds to his wife. The dissolution judgment, by its terms, awarded the plaintiff a specific portion of the proceeds and thus vested the plaintiff with a property interest in these proceeds. The judgment, awarding sixty percent of the proceeds to the debtor, further divested the debtor of his interest in the proceeds awarded to his wife.

Section 541 provides that a debtor's bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The nature and extent of a debtor's interest in property is determined under nonbankruptcy law. *See* 4 *Collier on Bankruptcy,* ¶ 541.02, at 541–10.1 to 541–11 (15th ed. 1992). The debtor here, upon receipt of the worker's compensation proceeds prior to bankruptcy, was required to deliver the proceeds to his attorney for distribution to the parties of the interests awarded by the state court judgment. At that time, the debtor was entitled to only sixty percent of the proceeds and did not, by filing his bankruptcy petition, gain greater rights in the proceeds than he then possessed. *See Boyer v. Boyer (In re Boyer)*, 104 B.R. 497, 499 (Bankr. S.D.Fla.1989): despite the broad definition of "property of the estate," a debtor's rights may not be enlarged beyond those existing at the commencement of the case. The debtor's interest in the worker's compensation proceeds was fixed by the state court judgment, and only this portion of the proceeds became property of his estate. The debtor could not, by withholding proceeds belonging to the plaintiff, make them property of the estate under § 541(a)(1).

Because the debtor had no interest in the proceeds awarded to the plaintiff, his obligation to deliver these proceeds was not a "debt" or obligation to pay that could be discharged in bankruptcy. A "debt," defined under the Bankruptcy Code as "liability on a claim", requires that there be a "right to payment" from the debtor. *See* 11 U.S.C. §§ 101(12), 101(5)(A). The debtor here had no obligation to pay the plaintiff from his own property but was merely a conduit or an agent for the transfer of his ex-wife's interest in the worker's compensation proceeds. *Cf. Boyer*, 104 B.R. at 499: debtor, whose 401K account was to be used for children's education or paid to his wife, was mere agent for disbursal of funds belonging to others. Thus, while the dissolution judgment undoubtedly effected a division of the parties' property, it did not thereby create a debt or obligation of the debtor that could be discharged in bankruptcy.

The terms of the state court judgment in this case makes it unlike a property division in which one spouse is awarded marital property with the obligation to pay the

other for the value of that spouse's interest. Rather, this case is factually analogous to cases dealing with the division of retirement accounts or pension funds as marital property. *See Adamo v. Ledvinka (In re Ledvinka)*, 144 B.R. 188 (Bankr. M.D.Ga.1992); *Resare v. Resare (In re Resare)*, 142 B.R. 44 (Bankr.D.R.I.1992); *Zick v. Zick (In re Zick)*, 123 B.R. 825 (Bankr. E.D.Wis.1990). In each of these cases, the divorce court awarded the nondebtor spouse a portion of the debtor's retirement benefits, and the debtor sought to discharge this award as a debt in the nature of a property division. The bankruptcy court, however, found that the divorce judgment granted the nondebtor spouse an interest in the retirement benefits, which became that spouse's separate property upon entry of the judgment. As stated in *Zick:* "[T]he divorce court did not create an obligation of the husband to the wife as part of a property division that he can now discharge. The court awarded [the wife] a portion of the pension fund in her husband's name; it became her property, not his." 123 B.R. at 829.

Similarly, in this case, the plaintiff was vested with forty percent of the worker's compensation proceeds upon entry of the state court dissolution judgment, and the debtor's only interest in or obligation concerning these proceeds was to facilitate delivery of the plaintiff's property to her. Since the judgment created no debt or "right to payment" that could be discharged, the plaintiff retained her interest in this property and may pursue recovery of the proceeds notwithstanding the debtor's bankruptcy. Accordingly, the Court grants summary judgment for the plaintiff regarding her entitlement to the worker's compensation proceeds awarded by the state court.

## II.

The issue of dischargeability of the medical and hospital expenses for the parties'

minor child and attorney fees incurred in the contempt proceeding depends on whether these obligations come within the exception to discharge of 11 U.S.C. § 523(a)(5).[2] The dissolution judgment, providing for child support of $50 a month, ordered that the debtor maintain major medical insurance on the minor child and further ordered that the parties divide all non-covered medical, dental, optical and prescription drug expenses for the child. The state court specifically ordered the debtor to "pay to plaintiff the sum of $20.35 for prescription medication and ... pay directly to Dr. Pflasterer the sum of $55.00 representing [the debtor's] one-half of medical expenses incurred on the minor child." The court additionally ordered the debtor to pay the balance due to St. Elizabeth's hospital for the tonsillectomy of the minor child in the amount of $1,569.00.

Regarding the contempt proceeding, the court found:

> F. That the [debtor] by agreement and supported by court order entered October 1, 1990, was required to take out major medical insurance on the minor child which he did not do and for which he is in contempt of court. [Debtor] has the opportunity to purge himself of that contempt by taking out health insurance within 14 days....

The court reserved sanctions on the finding of contempt "to enable [the debtor] to purge himself" and ordered the debtor to pay the wife's attorney the amount of $171.00 for fees incurred in her petition for rule to show cause.

■ The debtor makes little argument concerning the prescription drug bill and the bill to Dr. Pflasterer, and the Court finds that these debts, incurred for the medical expenses of the child, are nondischargeable as support obligations for the

---

**2.** Section 523(a)(5) provides:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connec-

tion with a ... divorce decree ... but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support[.]

minor child under § 523(a)(5). *See Spurgeon v. Spurgeon (In re Spurgeon)*, 80 B.R. 477, 478–79 (W.D.Mo.1986); *Dial v. Presler (In re Presler)*, 34 B.R. 895, 898 (Bankr.M.D.Tenn.1983). The debt to St. Elizabeth's hospital for the child's tonsillectomy also served a support function in providing for the physical needs of the child. *See Spurgeon.* The debtor, however, argues that the issue of dischargeability of this obligation has been rendered moot because the bill was paid by the Illinois Department of Public Aid ("Department") prior to entry of the dissolution judgment. Further, he asserts that the dischargeability of this obligation is not ripe for determination since the Department has made no claim for reimbursement from the plaintiff at this time.

Section 523(a)(5)(A) makes specific provision for the nondischargeability of debts in the nature of support that have been assigned to the state or another entity, excepting from discharge those debts

assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State.

11 U.S.C. § 523(a)(5)(A). Section 402(a)(26) of the Social Security Act requires that a state plan for aid to "needy families with children" must condition such aid upon assignment to the state of any rights to support from another person. *See* 42 U.S.C.A. § 602(a)(26). The Illinois Public Aid Code satisfies this requirement with a provision for assignment by operation of law of support rights by one accepting public aid. Ill.Rev.Stat., ch. 23, par. 10.1 (1989); *see In re Stovall*, 721 F.2d 1133 (7th Cir.1983).

 Because of the exception from discharge of § 523(a)(5)(A) for support debts assigned to the state, the character of the debtor's obligation to St. Elizabeth's hospital as a nondischargeable support obligation was not affected by the Department's payment of the bill or the resulting assignment of the plaintiff's rights to the state. Moreover, the fact that the Department has not yet sought reimbursement from either the plaintiff or the debtor does not preclude a determination of dischargeability at this time, as the dischargeability of an obligation under § 523(a)(5) does not depend on the extent to which enforcement or collection has been sought. The Court, therefore, rejects the debtor's argument that the issue of dischargeability of this obligation is moot or unripe for determination and finds that the debtor's obligation for the St. Elizabeth's hospital bill is nondischargeable under § 523(a)(5) as a debt in the nature of support.

With regard to the attorney fees in the contempt proceeding, the debtor asserts that the state court assessed these fees as a penalty for his failure to obtain medical insurance on the parties' child. He contends that the fee award was not based on the court's consideration of the parties' financial resources and thus does not constitute a support obligation excepted from discharge.

 Attorney fees incurred in the enforcement of a support obligation, like the obligation itself, are considered as maintenance or support for purposes of nondischargeability under § 523(a)(5). *See Jacobs v. Zimberoff (In re Zimberoff)*, 91 B.R. 839, 841 (Bankr.N.D.Ill.1988). Where, as here, attorney fees are awarded on a show cause petition to obtain compliance with a court's support order, an award of fees may be imposed upon a determination that the noncomplying spouse is financially better able to pay the fees than the spouse seeking enforcement of the support order. *Id.* An Illinois court is required to consider the relative financial resources of the parties in making a fee award and, in the absence of any evidence that the fee was based on other factors, will be presumed to have fulfilled its duty. *Id.; see* Ill.Rev. Stat., ch. 40, par. 508(a) (1989).

The state court judgment here belies the debtor's contention that its fee award was based on the debtor's conduct or was imposed as a penalty. To the contrary, the court specifically reserved sanctions for the debtor's failure to comply with its previous order and provided an opportunity for the debtor to purge himself of contempt by obtaining the required insurance. There is

no indication that the award of attorney fees was based on anything other than the court's consideration of the parties' relative financial needs. In the absence of such evidence, the Court finds that the fee award in the contempt proceeding reflected the state court's determination of financial need of the plaintiff and was intended as a support obligation. The award of attorney fees in the contempt proceeding, therefore, is a nondischargeable obligation of the debtor under § 523(a)(5).

The plaintiff contends finally that she is entitled to recover her attorney fees in this dischargeability proceeding as fees incurred in the enforcement of a support obligation. This Court has previously ruled that, absent authorization in the Bankruptcy Code, it may not impose attorney fees in a dischargeability proceeding, although a party may seek recovery of such fees in the state court as fees incurred in the enforcement of a support order. *See Smith v. Barbre (In re Barbre)*, 91 B.R. 846, 849 (Bankr.S.D.Ill.1988). Accordingly, the Court denies the plaintiff's request for an award of attorney fees in this dischargeability proceeding.

For the reasons stated, the Court grants the plaintiff's motion for summary judgment regarding her entitlement to forty percent of the worker's compensation proceeds and the nondischargeability of the debtor's obligations under the state court dissolution judgment. The Court denies the plaintiff's motion to the extent it requests recovery of attorney fees in this proceeding. The Court further denies the debtor's motion for summary judgment.

SEE WRITTEN ORDER.