MARY ELLEN AMONTE *vs.* LOUIS AMONTE.

Plymouth. January 9, 1984. — March 15, 1984.

Present: GREANEY, C.J., GRANT, & ARMSTRONG, JJ.

*Bankruptcy,* Stay of other proceedings. *Divorce and Separation,* Effect of bankruptcy proceedings.

In an action by a wife seeking separate support and maintenance from her husband, the probate judge erred in conducting a hearing and entering judgment in the case after the husband had filed a voluntary petition under 11 U.S.C. § 301 (1982) in a United States Bankruptcy Court, inasmuch as the exception found in 11 U.S.C. § 362 (b) (2) (1982) to the Bankruptcy Act's automatic stay provisions applies only to proceedings which have culminated in the entry of a final judgment for alimony, maintenance, or support prior to the filing of a petition under the Bankruptcy Act. [623-626]

There is no requirement that a judgment for separate support be accompanied by findings of fact since the requirement of findings in connection with the disposition of issues under G. L. c. 208, § 34, has no application to proceedings under G. L. c. 209, § 32, which cannot involve a division of property. [626-627]

COMPLAINT for separate support filed in the Plymouth Division of the Probate and Family Court Department on September 15, 1980.

The case was heard by *Lawton,* J.

The case was submitted on briefs.

*William Shields, III, & Harriet H. Onello* for the defendant.

*George M. Ford* for the plaintiff.

GREANEY, C.J. In this appeal we consider the impact of the automatic stay provisions of the Federal Bankruptcy Act, 11 U.S.C. § 362 (1982),[1] on a complaint in a Probate Court

---

[1] The stay provisions in § 362 are part of the 1978 Bankruptcy Reform Act, Pub. L. No. 95-598, 92 Stat. 2570 (1978). The decision of the Supreme Court of the United States in *Northern Pipe Line Constr. Co.* v. *Marathon Pipe Line Co.,* 458 U.S. 50 (1982), declaring parts of the new act unlawful,

brought pursuant to G. L. c. 209, § 32, for separate support. The appeal is by the husband, who maintains that the probate judge should not have entered a final judgment in the face of the husband's bankruptcy.

The record[2] discloses the following. On September 15, 1980, the wife filed a complaint seeking separate support and maintenance on the ground that the husband had been cruel and abusive towards her. On December 3, 1980, the husband answered the complaint. Shortly thereafter temporary orders were entered which provided support pending the complaint's final disposition and restrained the husband from interfering with the wife's liberty. There then followed some twenty-one months of skirmishing between the parties, directed for the most part at the enforcement or modification of the temporary orders.

On October 4, 1982, the husband filed a suggestion of bankruptcy which notified the Probate Court that he had, on September 17, 1982, filed a voluntary petition pursuant to 11 U.S.C. § 301 (1982), for relief under 11 U.S.C. §§ 701 et seq. (1982), in the United States Bankruptcy Court for the District of Massachusetts. The suggestion of bankruptcy also advised that "[a]s a result of the filing of the petition, certain acts and proceedings against the debtor and his property are stayed as provided in 11 U.S.C. § 362."

Nevertheless, the wife's complaint was scheduled for a hearing on its merits on October 14, 1982. On October 13, 1982, the husband's counsel notified the court and the wife's counsel in writing that the husband would not attend the hearing because bankruptcy proceedings were pending and that "[p]ursuant to 11 U.S.C. § 362, the filing of the bankruptcy operates as an automatic stay of proceedings to adjudicate my client's property

---

does not appear to have affected its automatic stay provisions. See *In re Johns-Manville Corp.,* 26 Bankr. 919, 922 (S.D.N.Y. 1983). See also Johnson & O'Leary, Automatic Stay Provisions of the Bankruptcy Act of 1978, 13 N.M.L. Rev. 599 (1983).

[2] We have the docket entries, papers notifying the Probate Court of the stay provisions of the Bankruptcy Act, the transcript of an abbreviated hearing on the merits of the complaint, and some miscellaneous documents.

rights.'' Despite this notification, a brief ex parte hearing was conducted on October 14, 1982. Following that hearing, a final judgment was entered which: (1) found that the wife had justifiable cause for living apart from the husband; (2) restrained the husband from interfering with the wife's liberty and entering the marital premises; (3) ordered the immediate payment by the husband of $125,000 for the wife's ''support and maintenance, and as alimony;'' (4) further ordered the weekly payment of $300 support and the payment of the wife's reasonable medical and dental expenses; (5) directed that the payment of the $125,000 in item (3) and any unpaid temporary support be ''partial[ly] satisfied'' by the husband's conveyance of his interests in (a) the marital home in Hingham, (b) property at 18 State Park Road in Hull,[3] and (c) other property in Hull owned by FAN Enterprises and the Ledges Trust;[4] and (6) ordered the husband to pay $10,000 to the wife's counsel in partial payment of her legal fees.

1. Section 362(a)(1) of the Bankruptcy Act, 11 U.S.C. § 362 (1982), provides, subject to an exception that will be discussed later in this opinion, that ''a petition filed under [the Act] operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.'' The purpose of

---

[3] The husband's brief contains a document entitled ''Statement of Sale'' filed by the husband's trustee in bankruptcy with the Bankruptcy Court. The statement represents that subsequent to the entry of the judgment the husband's interest in the marital home had been conveyed to the wife, that the property at State Park Road in Hull had been sold for $141,000, and that the wife had accepted the deed to the home and $22,000 ''in full settlement of any claims . . . she may have to the proceeds arising out of the sale of the Hull property.''

[4] According to the judgment, the husband is a trustee of both Fan Enterprises and the Ledges Trust. The judgment also provides that the transfers ordered ''shall be the payment of alimony and not division of property'' and notes that the wife had placed attachments on the properties.

the automatic stay is to "relieve a debtor of collection proceedings which would nullify the Bankruptcy Code's objective of orderly liquidations or reorganizations which treat creditors equally."[5] *Marine Midland Bank* v. *Herriott,* 10 Mass. App. Ct. 743, 746 (1980). See also H.R. Rep. No. 595, 95th Cong., 1st Sess. 340-342 (1977), reprinted in 1978 U.S. Code Cong. & Ad. News 5963, 6296-6299; S. Rep. No. 989, 95th Cong., 20 Sess. 49-51, 54-55 (1978), reprinted in 1978 U.S. Code Cong. & Ad. News. 5787, 5835-5837, 5840-5841; *In re Flagg,* 17 Bankr. 677, 678 (E.D. Pa. 1982); *Rogers* v. *Rogers,* 671 P.2d 160, 164 (Utah 1983). The stay applies without regard to whether the underlying debt is dischargeable or nondischargeable.[6] And it is settled that proceedings in violation of the stay are void. See *In re Smith Corset Shops, Inc.,* 696 F.2d 971, 976 (1st Cir. 1982). See also *In re Eisenberg,* 7 Bankr. 683, 686 (E.D.N.Y. 1980); *In re Reed,* 11 Bankr. 258, 272 n.24 (D. Utah 1981); *In re Thacker,* 24 Bankr. 835, 837 (S.D. Ohio 1982). It is evident from the encompassing language of § 362 (a)(1) that the financial and property settlement aspects of domestic proceedings would fall within the scope of the stay unless specifically excepted by other provisions of the Bankruptcy Act.

The wife urges that the judgment is excepted from the stay by reason of 11 U.S.C. § 362(b)(2) (1982), which provides that "[t]he filing of a petition . . . does not operate as a stay . . . of the collection of alimony, maintenance, or support from prop-

---

[5] The new act appears to have broadened the scope of the automatic stay under prior bankruptcy laws. For a comparison of the automatic stay provided for in § 362 and stays under prior bankruptcy laws, see Baker, The Automatic Stay in Bankruptcy; An Analysis of the Braniff Chapter 11 Proceeding 14 Texas Tech L. Rev. 433 (1983); Kennedy, Automatic Stays Under the Bankruptcy Law 12 U. Mich. J.L. Ref. 3 (1978).

[6] The broad provisions of the stay apply to all debts, regardless of their characterization. Thus, unless the debt owed falls within one of the exceptions enumerated in § 362(b), all proceedings involved in its collection are stayed. See 2 Collier, Bankruptcy par. 362.04 (15th ed. 1983).

Moreover, a marital property settlement obligation to a former spouse is dischargeable in bankruptcy, while an obligation to provide alimony, maintenance, and child support is not. See 3 Collier, Bankruptcy par. 523.15 (15th ed. 1983).

erty that is not property of the [bankrupt's] estate.'' A comparison, however, of this exception with other exceptions in § 362(b) reveals that Congress intended that the words "collection of alimony, maintenance and support" be narrowly construed. Subsection (1) of § 362(b), for example, excepts from the automatic stay the "commencement or continuation of a criminal action or proceeding." See *In re Richardello,* 28 Bankr. 344, 346 (D. Mass. 1983). Likewise, subsection (4) of § 362(b) excepts the "commencement or continuation of an action or proceeding by a governmental unit to enforce such unit's police or regulatory power." See *NLRB* v. *Evans Plumbing Co.,* 639 F.2d 291, 293 (5th Cir. 1981). Congress' failure to utilize this same language in the exception relating to alimony, maintenance, and support indicates a clear intention to give this exception a different effect, based upon the limitations imposed by the word "collection."

Since the marital support exception does not speak in terms of the "commencement or continuation" of proceedings, we can only conclude that the word "collection" in § 362(b)(2) was expressly intended to apply to proceedings which have culminated in the entry of a final judgment or order for alimony, maintenance, or support *prior to* the filing of a petition under the Act. Our conclusion is confirmed by an examination of cases decided under the Act, each of which recognizes the exception's limitation to pre-bankruptcy orders in domestic relations cases.[7] See *In re Garrison,* 5 Bankr. 256, 261 (E.D. Mich. 1980) (enforcement "limited to those instances where the decree of the state court . . . precedes the order of the bankruptcy court"). See also *In re Lovett,* 6 Bankr. 270, 272 (D. Utah 1980); *In re New Mexico Properties, Inc.,* 18 Bankr. 936, 943 (D.N.M. 1982); *In re Moore,* 22 Bankr. 200, 201 (M.D.

---

[7] The word "collection" is further modified in § 362(b)(2) by the language "property of the estate." Proceedings involving the collection of alimony, maintenance, and support will thus be stayed unless: (a) an order or judgment is in place prior to the filing of a petition in bankruptcy and (b) the collection proceeding is brought against assets that are not property of the debtor's estate. These available assets may include, but are not limited to, wages earned by the debtor after the filing of his petition in bankruptcy. See 11 U.S.C. § 541(a)(6) (1982).

Fla. 1982); *In re Murray,* 31 Bankr. 499, 501 (E.D. Pa. 1983). It thus becomes apparent under our construction of § 362 that the final judgment in this case was entered in violation of the automatic stay, gave the wife no collectible debt of maintenance or support, and is void.

We hasten to add that the superseding effect of the bankruptcy law will not make ''the bankruptcy courts a sanctuary for those who would avoid alimony and child support obligations.'' *In re Garrison, supra* at 260. Section 362(d) of the Bankruptcy Act, 11 U.S.C. § 362(d) (1982), provides an expeditious procedure by which a spouse may obtain termination, nullification, or modification of the stay from the Bankruptcy Court.[8] As a consequence, we conclude that we must vacate the judgment in its entirety and remand the case to the Probate Court for further proceedings if permission is received from the Bankruptcy Court to proceed.[9] Other questions lurking in the record can be addressed by the Probate Court at that time.[10]

2. The only other question argued which may arise at future proceedings concerns whether a judgment for separate support

[8] For an example of resort to the relief procedure spelled out in § 362(d) see *In re Flagg,* 17 Bankr. at 678. See also *In re Garrison,* 5 Bankr. at 261; *In re Summerlin,* 26 Bankr. 875, 878 (E.D. N.C. 1983); *In re Murray,* 31 Bankr. at 501.

[9] The judgment is patterned on Form 402 of the suggested forms adopted pursuant to Mass.R.Dom.Rel.P. 84 (1975). The language in the judgment stating that the wife had justifiable cause for living apart from the husband is a finding of fact necessary under G. L. c. 209, § 32, to an award of separate support. See *Dee* v. *Dee,* 1 Mass. App. Ct. 320, 321-322 (1973).

[10] These questions may include (a) what effect the ''Statement of Sale'' by the trustee in bankruptcy, see note 3, *supra,* may have on these proceedings and (b) whether any order providing for a lump sum payment or transfer of the husband's property constitutes, despite the judge's prior characterization, a property division which either cannot be permissibly made in a separate support proceeding or cannot stand in the face of the bankruptcy. We note that, unlike prior bankruptcy laws, the new act makes these last considerations questions to be ''determined under federal bankruptcy law and not state law.'' See *Stamper* v. *Stamper,* 17 Bankr. 216, 219 (S.D. Ohio 1982); *In re Bailey,* 20 Bankr. 906, 909 (W.D. Wis. 1982). See also H.R. Rep. No. 595, 95th Cong., 1st Sess. 364 (1977), reprinted in 1978 U.S. Code Cong. & Ad. News 5963, 6320. If the Bankruptcy Court chooses to be guided by State law on these subjects, we note the possible applicability of cases such as *Coe* v. *Coe,* 313 Mass. 232 (1943), and *Gould* v. *Gould,* 359 Mass. 29, 32 (1971).

must be accompanied by findings of fact. The answer for the present is no since the requirement of findings in connection with the disposition of issues under G. L. c. 208, § 34, has no application to proceedings under G. L. c. 209, § 32, which cannot involve a division of property. See *Gould* v. *Gould,* 359 Mass. 29, 32 (1971). The judge, of course, should take evidence on, and consider, such of the factors enumerated in the third paragraph of G. L. c. 209, § 32, as are relevant to the parties' situation. Beyond this, if the husband desires findings, he should follow the procedure set forth in Mass.R.Dom.Rel.P. 52(a) (1976).

The judgment entered on October 15, 1982, is vacated, and the case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*