SNEED, Circuit Judge:
 

 Pro se appellant Charles Stringer, a debt- or in bankruptcy proceedings, appeals the district court’s judgment affirming the bankruptcy court’s decision that a state court’s modification of a child support order is exempt from the automatic stay. We reverse.
 

 I.
 

 PACTS AND PROCEEDINGS BELOW
 

 On May 28, 1985, Aristela Huet, the ex-wife of Charles Stringer, filed a motion in the San Francisco Superior Court requesting an increase of $100 monthly in child support payments. On July 5, 1985, Stringer filed a Chapter 7 petition in bankruptcy. About six weeks later, on August 20, 1985, the San Francisco Superior Court granted Huet’s motion and modified the child support order by increasing the amount owed by $100 a month. On October 1, 1985, Stringer made a motion in bankruptcy court to have the San Francisco Superior Court's child support modification order declared void. The bankruptcy court denied the motion on the grounds that child support payments were exempt from automatic stays in bankruptcy. Stringer appealed to the district court for the Northern District of California. The district court affirmed the bankruptcy court’s decision on July 16, 1986.
 

 At this point things became a bit irregular. Stringer filed a motion to reconsider with the district court on July 22, 1986. Next, about three weeks later, on August 11,1986, Stringer filed a notice of appeal of the same order. This appeal was given the number 86-2432. Two days later, on August 13, 1986, the district court denied the motion for reconsideration. On August 25, 1986, Stringer filed a second notice of appeal, this time from the order denying reconsideration. This appeal is No. 86-2611. Nos. 86-2432 and 86-2611 have been consolidated for our review.
 

 II.
 

 JURISDICTION
 

 The bankruptcy court had jurisdiction under 28 U.S.C. § 157, and the district court’s jurisdiction rested on 28 U.S.C. § 158(a). Our jurisdiction is founded on 28 U.S.C. § 158(d) inasmuch as the grant or denial of a motion for relief from an automatic stay is considered a final order.
 
 In re American Mariner Indus., Inc.,
 
 734 F.2d 426, 429 (9th Cir.1984),
 
 abrogated on other grounds, United Savings Ass ’n v. Timbers of Inwood Forest Assocs., Ltd.,
 
 — U.S. -, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).
 

 The notice of appeal in No. 86-2432 is without effect because it was filed during the pendency of the motion to reconsider in the district court.
 
 See
 
 Fed.R.App.P. 4(a)(4).
 
 [1]
 
 “[I]t is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act.”
 
 Griggs v. Provident Consumer Discount Co.,
 
 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam). Thus, jurisdiction is lacking in No. 86-2432, but not in No. 86-2611.
 

 III.
 

 DISCUSSION
 

 In this case of first impression we must decide whether modification of a child
 
 *551
 
 support order is exempt from the automatic stay 11 U.S.C. § 362(a) provides a debtor in bankruptcy. This case presents a question of statutory construction. To construe a statute we look first to the language of the statute and second to its legislative history to discern its purpose.
 
 Brock v. Writers Guild of America West, Inc.,
 
 762 F.2d 1349, 1353 (9th Cir.1985). In case of possible conflicting inferences, the language of the statute generally prevails over the legislative history.
 
 See Turner v. McMahon,
 
 830 F.2d 1003, 1007 (9th Cir.1987);
 
 Foxgord v. Hischemoeller,
 
 820 F.2d 1030, 1032 (9th Cir.),
 
 cert. denied,
 
 — U.S. -, 108 S.Ct. 503, 98 L.Ed.2d 502 (1987).
 

 11 U.S.C. § 362(a)(1) of the Bankruptcy Code automatically stays the commencement or continuation of judicial proceedings against the debtor that were or could have been commenced before the bankruptcy petition was filed. Any proceedings in violation of the automatic stay in bankruptcy are void.
 
 Kalb v. Feuerstein,
 
 308 U.S. 433, 438-39, 60 S.Ct. 343, 345-46, 84 L.Ed. 370 (1940); 2 L. King,
 
 Collier on Bankruptcy
 
 ¶ 362.03 (15th ed. 1988). The automatic stay is subject, however, to several narrow exemptions including “the collection of alimony, maintenance, or support.” 11 U.S.C. § 362(b)(2). The question then is whether Huet’s action for a modification of the child support order amounts to
 
 collection
 
 of such support.
 

 The district court relied on two arguments in holding that it did. It noted first that, construed literally, the language of § 362(b)(2) supports Stringer’s position. The court, however, concluded that the lack of caselaw supporting the literal construction required it to examine the legislative history to determine congressional intent.
 
 [2]
 
 The Senate and House Reports that make up the sparse legislative history speak only in general terms about the goals of § 362(b)(2). “Staying collection of [alimony, maintenance, and support], when not to the detriment of other creditors (because the collection effort is against property that is not property of the estate), does not further [the goal of protecting the debtor’s discharge]. Moreover, it could lead to hardship on the part of the protected spouse or children.” H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 342-43 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin. News 5963, 6299; S.Rep. No. 95-989, 95th Cong., 2d Sess. 51 (1978),
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5787, 5837.
 
 [3]
 

 The district court’s reading of the legislative history ignores an important function of the automatic stay in bankruptcy. In addition to protecting the relative position of creditors, it was designed to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding. As discussed in the legislative history,
 

 The automatic stay is one of the fundamental debtor protections provided in the bankruptcy laws. It gives the debtor a
 
 *552
 
 breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
 

 H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5963, 6296-97.
 

 Congress clearly intended the automatic stay to be quite broad.
 
 [4]
 
 Exemptions to the stay, on the other hand, should be read narrowly to secure the broad grant of relief to the debtor.
 
 [5]
 
 Guided by these principles, we conclude that an action for
 
 modification
 
 of a child support order is not permitted by the exemption.
 

 Comparison of the language of the child support exemption with the language of the other exemptions is instructive.
 
 “Collection
 
 of alimony, maintenance and support” sharply contrasts with the
 
 “commencement or continuation
 
 of a criminal action or proceeding,” § 362(b)(1), and the
 
 “commencement or continuation
 
 of an action or proceeding by a governmental unit to enforce such unit’s police or regulatory power,” § 362(b)(4). “Commencement or continuation” might well embrace modification of actions against a debtor. “Collection,” a less inclusive phrase than “commencement or continuation,” indicates that Congress did not intend for debtors to be subject to new suits or modifications or orders in the domestic relations context having an economic impact on debtors.
 
 [6]
 
 We find the exemption of § 362(b)(2) for “collection” of child support applies only to proceedings to collect child support that has been awarded by an order entered pri- or to the filing of a petition in bankruptcy.
 

 The scanty caselaw on the issue supports this conclusion as well. In
 
 Amonte v. Amonte,
 
 17 Mass.App. 621, 461 N.E.2d 826 (1984), the Appeals Court of Massachusetts considered a similar situation. Its task was to determine whether a lower state court judgment was void because it was entered while the defendant was the debtor in bankruptcy court. There, the husband filed for bankruptcy after the wife filed a complaint seeking separate support and maintenance but before any hearing was held on the wife’s complaint. The lower court’s judgment awarded the wife a cash payment and ongoing support payments. The Appeals Court vacated the lower court’s judgment because “the marital support exception does not speak in terms of the ‘commencement or continuation’ of proceedings, [and thus] we can only conclude that the word ‘collection’ in § 362(b)(2) was expressly intended to apply to proceedings which have culminated in the entry of a final judgment or order for alimony, maintenance, or support
 
 prior to
 
 the filing of a petition under the Act.”
 
 Id.
 
 461 N.E.2d at 830 (emphasis in original);
 
 see also In re Garrison,
 
 5 B.R. 256, 261 (Bankr.E.D.Mich.1980) (“[I]n holding that the institution of a Chapter 13 proceeding does not automatically stay enforcement of nondischargeable alimony and child support obligations, our ruling is limited to those instances where the decree of the state court fixing alimony or child support precedes the order of the bankruptcy court confirming a plan in Chapter 13 proceedings.”).
 

 The bankruptcy court in
 
 In re Ziets,
 
 79 B.R. 222, 225 (Bankr.E.D.Pa.1987), noted in a related context, a property distribution
 
 *553
 
 proceeding, that “the presence of § 362(b)(2), exempting the former scope of the stay only for ‘the collection of alimony, maintenance, or support from property that is not property of the estate/ is evidence that other support-related matters and domestic-relations matters are
 
 not carte blanche
 
 exempt from the stay.”
 
 Id.
 
 (emphasis in original).
 
 [7]
 

 In re Ziets
 
 was different from the case before us in that there the movant was asking for relief from the stay “for cause” under § 362(d) so that the property distribution proceeding could be recognized. The
 
 Ziets
 
 court, nonetheless, found that § 362(b)(2) did not exempt this sort of proceeding from a stay prior to concluding that the movant had not established her case for relief from the automatic stay “for cause.”
 

 Review of the language of the statutory exemption in context, the legislative history of the automatic stay and its exemptions, and the existing caselaw convinces us that that modification of an order of child support cannot be considered “collection” of child support.
 
 [8]
 

 REVERSED.
 

 [1]
 

 . Under 28 U.S.C. § 158(c), "[a]n appeal [to a district court or bankruptcy appellate panel] shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts_”
 

 [2]
 

 . We note in passing that lack of caselaw supporting the literal construction of a statute is not usually a reason to ignore its plain meaning. Moreover, lack of interpretive caselaw may well mean that other courts and litigants have not doubted the plain meaning of the statute.
 

 [3]
 

 . From this excerpt of legislative history the district court came to the following conclusions:
 

 The intent of Congress in enacting § 362(b)(2) was to ensure that spouses and children of a bankrupt debtor are not cut off from payments where the debtor has other than estate property at his disposal. The automatic stay provisions of § 362(a) were designed to protect a debtor’s discharge of his legal obligations. But staying collection of support payments (where they are not out of estate property and, therefore, not detrimental to other creditors) does not further that goal and could lead to hardship on the part of the protected spouse or children.
 

 It is evident, therefore, that in the enactment of § 362(b)(2) Congress was primarily concerned with protecting spouses and children from the hardship that may result from a severance (even if temporary) of alimony and child support payments. Congress acknowledged the critical nature of these needs and recognized that, in many instances, these payments may prove to be the lifeline support of the broken family unit. Given this Congressional intent of protecting children from hardship, the Court finds a modification of a maintenance agreement, especially where minor as in this case (a mere $ 100 per month), is included within the meaning of this section.
 

 Excerpt of Record at 66-67 (citations and footnote omitted).
 

 [4]
 

 . “The stay of section 362 is extremely broad in scope and, aside from the limited exception of subsection (b), should apply to almost any type of formal or informal action against the debtor or property of the estate.” 2 L. King,
 
 Collier on Bankruptcy
 
 ¶ 362.04, at 362-31 (15th ed. 1988).
 

 [5]
 

 . The "precise wording of the stay and its exceptions should be emphasized." 2 L. King,
 
 Collier on Bankruptcy
 
 ¶ 362.04[1], at 362-33 (15th ed. 1988).
 

 [6]
 

 . We note the drafters of the House and Senate Reports on the Bankruptcy Code also use "collection” to describe the kind of action excepted by § 362(b)(2) whereas the Reports’ descriptions of the other exceptions use "proceed" and “commencement or continuation,” words indicating initiation and modification of actions. H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 342-43 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5963, 6299; S.Rep. No. 95-989, 95th Cong., 2d Sess. 51-52 (1978),
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5787, 5837-38.
 

 [7]
 

 . We do not, however, mean to imply that non-economic domestic relations issues, such as divorce and child custody, may not he resolved by state courts notwithstanding a stay.
 

 [8]
 

 . The appellee in this case is not foreclosed from obtaining modification of the child support order provided she requests relief from the stay under § 362(d). Of course, she must show that relief is "for cause.”
 
 See, e.g., In re MacDonald,
 
 755 F.2d 715 (9th Cir.1985).