expertise and abilities will ensure the correct result.

The requests to consolidate and to stay the adversary proceeding were contingent upon granting the motion for withdrawal of reference and are, accordingly, rendered MOOT.

## ORDER

Accordingly, the motion for withdrawal of reference, the motion to consolidate with a related case pending in the District Court, and the request to stay the adversary proceeding in the Bankruptcy Court are hereby DENIED.

IT IS SO ORDERED.

**In the Matter of Robert B. DEXTER, Debtor.**

**Robert B. DEXTER, Plaintiff,**

v.

**Laura Ann GROVE, Thomas F. Noland, Trustee, Defendants.**

**Bankruptcy No. 3–88–04256.
Adv. No. 3–89–0105.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 27, 1990.

Christopher M. Hawk, Esq., and Janice L. Jessup, Esq., Dayton.

Richard L. Gerhardt, Esq., Circleville, U.S. Trustee.

## DECISION ON ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. 1334(b) in a case referred to this court by the Standing Order of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)—matters concerning the administration of the estate and (O)—other proceedings affecting the adjustment of the debtor-creditor relationship. This proceeding is before the court on cross-motions for summary judgment.

The debtor, Robert B. Dexter (Dexter), instituted this adversary proceeding against his former wife, Laura Ann Grove (Grove), seeking compensatory and punitive damages for violations of the automatic stay. Grove filed a Motion & Memorandum For Summary Judgment (Doc. 8) and the debtor filed Debtor's Response To Defendant's Motion and Memorandum For Summary Judgment and Debtor's Motion And Memorandum For Summary Judgment (Doc. 11).

Dexter and Grove were divorced in 1983. On August 8, 1988 Grove filed a Motion in the Common Pleas court of Fayette County seeking a modification of child support, vacation of the order granting the debtor the federal dependency exemptions and an order for Dexter to show cause regarding his failure to pay one-half of their children's hospital and medical bills and Grove's rent for one (1) year as ordered by the divorce decree (Doc. 8 Exh. A). The Common Pleas Court held a hearing on November 7, 1988 on Grove's motion and, in an Order

entered December 7, 1988, ordered the debtor to reimburse Grove for certain medical expenses and continued Grove's remaining requests for relief for determination at a future hearing. (Doc. 8 Exh. B).

The above events occurred prior to December 22, 1988, the date Dexter filed a Chapter 7 bankruptcy petition. Grove was listed on the debtor's Schedule A–3 as an unsecured creditor, without priority, with a disputed claim.

On March 29, 1989, the state court conducted a hearing on Grove's requests for relief that remained pending pursuant to the state court's order of December 7, 1988. During the hearing held March 29, 1989, Dexter testified that he had filed this bankruptcy case (Transcript of hearing held March 29, 1989, Case No. 83–CIV–63, Fayette County, Ohio, pp. 60–61). At the conclusion of the March 29, 1989 hearing, the state court resolved the remaining issues by determining to: 1) increase child support to one hundred and eighty-two dollars ($182.00) per week plus poundage to be paid through the Child Enforcement Agency, 2) require the debtor to pay Grove one thousand four hundred dollars ($1,400.00) forthwith as reimbursement for his share of the rent and 3) find the debtor in contempt for failing to pay the medical bills and sentence the debtor to ten (10) days in jail. The state court also determined that the debtor would be able to purge himself of this contempt sentence by paying Grove the amount set forth in the Court's prior order of December 7th, 1988, if that amount was paid within twenty (20) days of the court's order. The Common Pleas Court's order memorializing its determinations from the March 29th hearing was entered on April 28, 1989.

The defendant argues that the hearing held and Order entered after the filing of Grove's bankruptcy, even though no relief from the stay had been obtained, did not violate the automatic stay because 11 U.S.C. § 362(b)(2) exempts such proceedings, including an increase in child support from the application of the automatic stay. The defendant also argues that on April 28, 1989, the date the state court order was entered, the automatic stay had already expired because the debtor had been granted a discharge on April 14, 1989. (§ 362(c)(2)(C)).

The plaintiff argues that § 362(b)(2) does not include within its ambit proceedings for the modification of child support payments, specifically increases in child support awards.

Pursuant to Fed.R.Civ.P. 56(c) made applicable to this proceeding by Bankruptcy Rule 7056, summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). *See also, Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) and *Street v. J.C. Bradford & Co.,* 886 F.2d 1472 (1989). The plaintiff stated in his motion that he concurs with the defendant's recitation of the facts and agrees that summary judgment is appropriate. This court's examination of the affidavit and exhibits and memoranda has not revealed any factual conflicts; therefore, the court will proceed to determine this matter on summary judgment.

The filing of a petition under the Bankruptcy Code results in the creation of an estate comprising, with limited exceptions not applicable to the issues in this proceeding, all of the debtor's legal and equitable interests in property (§ 541). The commencement of a case also activates the automatic stay which secures the creation and augmentation of this estate by prohibiting acts that could dissipate property of the estate (§ 362(a)). The Code provides, however, an exception to the stay for *"the collection of alimony, maintenance, or support from property that is not property of the estate."* 11 U.S.C. 362(b)(2). Thus, in order for a proceeding to qualify for the § 362(b)(2) stay exemption it must

be: 1) limited to collection; 2) it must be for alimony, maintenance or support; and 3) recovery must be directed against property that is not property of the estate. If the proceeding fails to meet any of these qualifications then the § 362(b)(2) stay exemption will not be available.

Grove's motion requested a modification of child support, a contempt order for nonpayment of rent and child support, and medical, hospital and dental expenses on behalf of their minor children. To the extent that Grove's motion sought only the collection of child support arrearage or medical hospital, and dental expenses of the parties' minor children, and was restricted to property that is not property of the estate, it would not be a violation of the automatic stay. The debtor filed a chapter 7 petition and his future income is not includable in the estate (See 11 U.S.C. § 541(a)(6)).

An analysis of whether this same exemption (§ 362(b)) applies to the other actions taken in the state court case results in a different conclusion. In *In re Stringer*, 847 F.2d 549 (9th Cir.1988), the court examined the language and legislative history of § 362(b)(2) to determine whether "collection" encompasses a modification proceeding. The Court noted the importance of the stay to the bankruptcy process, the expansive scope of the stay, Congress' characterization of the stay as "one of the fundamental debtor protections provided in the bankruptcy law" and reasoned that the exemptions must be read narrowly to facilitate the broad relief that the stay seeks to secure. The Court then compared § 362(b)(2) with some of the other stay exemption provisions and noted:

> Comparison of the language of the child support exemption with the language of the other exemptions is instructive. "*Collection* of alimony, maintenance and support" sharply contrasts with the "*commencement or continuation* of a criminal action or proceeding," § 362(b)(1), and the "*commencement or continuation* of an action or proceeding by a governmental unit to enforce such unit's police or regulatory power," § 362(b)(4). "Commencement or continu-

ation" might well embrace modification of actions against a debtor. "Collection," a less inclusive phrase than "commencement or continuation," indicates that Congress did not intend for debtors to be subject to new suits or modifications or orders in the domestic relations context having an economic impact on debtors. We find the exemption of § 362(b)(2) for "collection" of child support applies only to proceedings to collect child support that has been awarded by an order entered prior to the filing of a petition in bankruptcy. (emphasis in original, footnote omitted).

*Stringer*, 847 F.2d at 552.

This court finds the *Stringer* reasoning compelling and the court's research has not reveal any contrary authority. Accordingly, this court likewise determines that the modification proceeding in as far as it sought an increase in child support payments was stayed on December 22, 1988 when the debtor filed his chapter 7 petition and all subsequent post-petition activity with respect to this modification request violated the automatic stay. If the hearing held on March 29, 1989 had not been held in violation of the automatic stay, the order that was placed of record on April 28, 1989, following the expiration of the stay would be effective and enforceable; however, because the original hearing was held in violation of the provisions of the automatic stay, the fact that the order was entered after the stay expired does not permit the order to be effective or enforceable. Any other result would reward entities who take action in violation of the automatic stay, but defer the results of their prohibited activities until the stay expires, over those who follow the requirements of the Federal Bankruptcy Code and refrain from prohibited actions until they have obtained an order terminating, modifying, annulling or conditioning the automatic stay. 11 U.S.C. § 362(d).

The Bankruptcy Code accords deferential treatment to debts arising from state court domestic relation matters (§ 523(a)(5) and § 362(b)(2)); nevertheless, the rights extended to entities holding claims arising

from domestic relations proceedings must be exercised in a manner consistent with federal law, including the automatic stay provisions of the Bankruptcy Code. The automatic stay is integral to the bankruptcy process and its importance cannot be overemphasized. Along these lines the court in *In re Van Hoose*, 31 B.R. 332, 337 (Bankr.S.D.Ohio 1983) noted:

> Although the role of the Bankruptcy Court may be perfunctory when it is presented with a clear case of a debt constituting alimony, maintenance, or support, its judicial processes may not be bypassed by a creditor assuming he or she may proceed with state court collection efforts because a debt is apparently "clearly" one excepted under § 362(b). The Code does not contemplate ex parte "judicial" resolution.

The Sixth Circuit has recently held:

> This provision "has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws.'" The automatic stay extends to virtually all formal and informal actions against property of the bankruptcy estate. It is intended to "stop[ ] all collection efforts, all harassment and all foreclosure actions." Actions taken in violation of the automatic stay generally are void, even if the creditor had no notice of the stay (citations omitted).

*In re Smith*, 876 F.2d 524, 525 (6th Cir. 1989). *See also NLT Computer Services, Corporation v. Capital Computer Systems, Inc.*, 755 F.2d 1253 (6th Cir.1985); *Barnett v. Barnett*, 9 Ohio St.3d 47, 458 N.E.2d 834 (1984).

While § 362(b)(2) exempts from the protection of the automatic stay proceedings solely related to the collection of child support that has been awarded by an order entered prior to the filing of the petition in bankruptcy, an entity that takes action against the debtor or property of the estate during the pendency of the automatic stay, without first obtaining an order terminating, modifying, annulling or conditioning the automatic stay, does so at its own risk and exposes itself to liability for actual damages, including costs and attorney fees, and in appropriate circumstances, punitive damages. *Brock v. Barlow* (*In re Brock*), 58 B.R. 797, 804 (Bankr.S.D.Ohio 1986).

Accordingly, the court concludes that, since no order terminating, modifying, annulling, or conditioning the stay had been obtained prior to the action taken at the hearing on March 29, 1990, the order entered in the state court action on April 28, 1989 is VOID, except as to those provisions of the order specifically related to the collection of child support arrearages and medical, hospital or dental expenses of the parties' minor children from property that is not property of the estate.

The court will issue a separate order requiring filings and scheduling a pretrial conference to consider issues remaining in this proceeding.

Orders in accordance with this decision are simultaneously entered.

SO ORDERED.