In re BOB'S SUPERMARKET'S, INC., f/d/b/a Bob's County Market, Bob's Super Value, Bob's State Avenue IGA, Debtor.

Bankruptcy No. 90–10814–011.

United States Bankruptcy Court, D. Montana.

Aug. 30, 1990.

D. Patrick McKittrick, Great Falls, Mont., for United Food & Commercial Workers Intern. Union, AFL–CIO & CLC Local 33.

Jeff Wegner, Jill Griffee Ross, Dixon & Dixon, P.C., Omaha, Neb., for debtor.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 11 case, the United Food and Commercial Union, Local 33, has filed a Motion To Determine Applicability of 11 U.S.C. § 362, and in the alternative a Motion for Relief from the Automatic Stay under § 362(d). Hearing on the Motion, after notice, was held on August 23, 1990, with all parties in interest present and represented by counsel. Debtor resists the Motion and contends Section 362 of Title 11 applies to the Union activities.

■ This Motion presents the issue concerning whether the Union, on behalf of two former employees, may proceed to enforce an arbitration award rendered post-petition in favor of employee Frye, and file a request for arbitration on behalf of employee Schlecht. Both grievances arise out of the discharge of each employee by the Debtor pre-petition. The Debtor and Local 33 entered into a Collective Bargaining Agreement on October 3, 1989, covering wages, hours, terms and conditions of employment. The Agreement is in full force and effect and contains grievance and arbitration clauses which provide, in part, that grievance matters not settled between the parties shall be submitted to arbitration. In the case of Frye, the Union and Debtor proceeded to arbitration of her alleged discharge without just cause on May 16, 1990. Debtor filed its Chapter 11 Petition on May 30, 1990. On July 9, 1990, the arbitrator issued a decision finding Frye was discharged without just cause, and ordered Frye's immediate reinstatement to her former position with full back pay and benefits, less credit for outside earnings. The present Motion of Local Union 33 seeks enforcement of the reinstatement order, but not any award of back pay. The Debtor contends the award is void as in violation of the automatic stay imposed under § 362 of the Code since it was rendered post-petition, *In re Shamblin*, 890 F.2d 123 (9th Cir.1989), even though it was heard pre-petition, citing *In re Knightsbridge Development Co., Inc.*, 884 F.2d 145 (4th Cir. 1989) and *Ellison v. Northwest Eng'g Co.*, 707 F.2d 1310 (11th Cir.1983). The Union counters with *Air Line Pilots Association International v. Eastern Air Lines, Inc. (In re Ionosphere Clubs and Eastern Air Lines)*, 114 B.R. 379 (S.D.N.Y.1990) as authority for its contention that § 1113 of the

Code, enacted in 1984, renders § 362(a) of the Code inapplicable to collective bargaining agreements and rights and remedies granted under such agreements. I concur with the Union's position for the reasons set forth in the *Ionosphere* case, supra.

The Eastern Air Lines Pilots case, supra, held that § 1113 excludes collective bargaining agreements from the provisions of § 365 of the Code, as formerly held in *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), since § 1113 sets forth detailed and substantive requirements a Debtor must invoke and follow to alter or reject a collective bargaining agreement. These procedures are detailed in *In re Big Sky Transportation Co.*, 104 B.R. 333 (Bankr.Mont.1989). It is conceded that the Debtor in this case has not invoked the provisions of § 1113 to alter or reject the Local Union 33 agreement. The Eastern Air Lines Pilot case concluded that since § 1113 was enacted as the exclusive means under the Bankruptcy Code by which a Debtor would accept or reject a collective bargaining agreement, *Id.* at 396, it necessarily follows that upon acceptance of the agreement by the Debtor's failure to invoke § 1113, the automatic stay provisions of § 362 cannot bar "proceedings outside of the bankruptcy court that seek to compel the debtors to adhere to the terms of its collective bargaining agreements." *Id.* at 399. The Eastern Air Lines case adopted the rationale, albeit dictum, of *In re Marine Pollution Service, Inc.*, 88 B.R. 588, 595 (S.D.N.Y.), *rev'd on other grounds*, 857 F.2d 91 (2nd Cir.1988), by holding:

" '[i]t would be anomalous to find that Congress enacted a mandatory procedure for rejecting a collective bargaining agreement without which the agreement stays in full force and effect [11 U.S.C. § 1113], and then to hold that a previously enacted section of the same statute— 11 U.S.C. § 362, providing for a stay of claims against a Debtor's estate—automatically invalidates the arbitration

clause of a collective bargaining agreement ...' " *Id.* at 389.

The history of the enactment of § 1113 set forth in the Eastern Air Lines case, and in *In re Century Brass Products, Inc.*, 795 F.2d 265 (2nd Cir.1986), *cert. denied*, 479 U.S. 949, 107 S.Ct. 433, 93 L.Ed.2d 383 (1986), clearly evidences a congressional intent to treat collective bargaining agreements differently from other executory contracts due to strong national labor policy favoring collective bargaining. To that end, bankruptcy sections such as §§ 362, 365, 501 and 502 which rendered collective bargaining agreements unenforceable, *Bildisco*, supra, where nullified in their operation against collective bargaining agreements by § 1113. Indeed, § 1113(f) specifically provides:

> "(f) No provision of this title [Title 11] shall be construed to permit a trustee [or debtor-in-possession] to unilaterally terminate or alter any provisions of a collective bargaining agreement prior to compliance with the provision of this section."

And while Congress did not expressly state in § 1113 how or where labor agreements were to be enforced post-petition in a Chapter 11 case, *Eastern Air Lines* concludes:

> "For several reasons, the better construction is that such violations need not be brought before a bankruptcy court when the debtor has not sought relief from its labor contract obligations in the manner provided for under the bankruptcy laws." *Id.* at 395.[1]

Notwithstanding the precise holding of the *Eastern Air Line Pilots* decision, the Debtor in the case *sub judice* argues that the decision is inapplicable to facts here because the very collective bargaining agreement which binds the parties contains a provision in Article 27(J) which permits the stay of the prosecution or enforcement of the arbitration proceedings. The Debtor misconstrues such Article. Article 27(E)

---

**1.** Cases cited by the Debtor, *Knightsbridge Development* and *Ellison*, supra, did not involve § 1113 of the Code, but arose, in one instance, in an arbitration case under the rules of the

American Arbitration Association invoked by the parties. Such authorities do not decide the issue presented in the Eastern Air Lines case.

provides that arbitration decisions "shall be final and binding". Article 27(J) states:

"Suits to compel or stay arbitration or appeals to courts to enforce or set aside a decision of the Board of Arbitration shall not constitute a breach of the right granted by this Article (if such action is begun with the time limits set forth herein)."

Debtor argues that § 362 provides the stay included or contemplated under Article 27(J). I disagree. Article 27(J) contemplates a non-bankruptcy forum action, such as one brought under 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act of 1947). *See, Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957) (a grievance arbitration provision in a collective bargaining agreement could be enforced under § 301(a) of the Labor Management Relations Act). Accordingly, Article 27(J) cannot be read or interpreted as contractually implementing the provisions of 11 U.S.C. § 362 to an arbitration proceeding or award. Section 362(a) is not a "suit" to compel or stay an arbitration award, but rather such section is intended to give the Debtor a breathing spell from his creditors. *In re Stringer*, 847 F.2d 549, 551–552 (9th Cir.1988). However, as noted above, § 1113 abrogated the effect of § 362 as to collective bargaining agreements. To now adopt the Debtor's position in light of the Eastern Air Lines Pilot case, and find that Article 27(J) overcomes the impact of that decision, would subvert the obvious meaning and intention of that article of the collective bargaining agreement.

Since § 362 does not apply to the arbitration award, I conclude the Union has the right to enforce the arbitration award in the Frye case and to proceed to arbitration in the Schlecht case. As a caveat, however, to this holding, the Union has conceded that the present Motion does not include a request to enforce the monetary award of the arbitration decision against the Debtor's estate. That presents a different issue on which I will render no decision at this time. *See, e.g., In re Murray Industries, Inc.*, 110 B.R. 585 (Bankr.M.D. Fla.1990) and *In re Ohio Corrugating Co.*, 115 B.R. 572 (Bankr.Ohio 1990). Also, because of this holding, it is unnecessary to rule on the Union's Motion to modify the automatic stay.

IT IS ORDERED the Motion of Local Union 33 to determine that 11 U.S.C. § 362 does not apply to any provision of the collective bargaining agreement dated October 3, 1989, is granted by determining that Local Union 33 may enforce the provision of the Collective Bargaining Agreement, including the arbitration award, in any non-bankruptcy forum as such action is not stayed by 11 U.S.C. § 362.