In re Brian James ZICK, Debtor.

Brian James ZICK, Plaintiff,

v.

Peggy J. ZICK, Defendant.

Bankruptcy No. 89–02388–MDM.
Adv. No. 90–0107.

United States Bankruptcy Court,
E.D. Wisconsin.

Nov. 28, 1990.

James B. Casper, Fond du Lac, Wis., for plaintiff.

William R. Slate, Markesan, Wis., for defendant.

## DECISION

M. DEE McGARITY, Bankruptcy Judge.

This case involves the common but unfortunate combination of bankruptcy and divorce. The facts are undisputed and both parties agree that it can be decided on summary judgment. Bankruptcy Rule 7056. This is a core proceeding under 28 U.S.C. § 157(b)(2).

The debtor, former husband of the defendant, filed this adversary proceeding to determine the dischargeability of an award of a portion of his pension plan to his former wife pursuant to their divorce. He asserts that this award does not fall within the exception of 11 U.S.C. § 523(a)(5) as being in the nature of alimony, maintenance or support. The entire pension plan was listed as an asset in his bankruptcy schedules and claimed exempt pursuant to the Wisconsin exemptions. Wis.Stat. § 815.18(31).

The debtor also asks that his contribution to his wife's attorney's fees, payment of which was ordered by the divorce judgment, be discharged, again because the award does not qualify for the exception to discharge under 11 U.S.C. § 523(a)(5).

Finally, the debtor requests sanctions against his former wife and her attorney for actions taken in the divorce court in violation of the automatic stay and the discharge injunction. 11 U.S.C. §§ 362(a), 524(a).

The debtor previously requested and received a temporary injunction prohibiting the former wife from collecting any portion of the disputed pension plan until the rights of the parties are decided by this court. The funds were withdrawn from the plan and are now being held in the wife's attorney's trust account.

For the reasons stated in this decision, the court finds that the wife was awarded a portion of the debtor's pension plan prior to the bankruptcy, and that portion did not constitute the debtor's property after the judgment of divorce. The wife may recover her share, and the balance shall be turned over to the husband.

Post-judgment proceedings in the divorce action were instituted in willful violation of the automatic stay and are void to the extent they modified the property division of the parties. Accordingly, the debtor is entitled to sanctions against the wife and her attorney for such actions.

The award of fees to the wife's attorney is part of the property division and is not excepted from the discharge under 11 U.S.C. § 523(a)(5).

## FACTS

Peggy and Brian Zick (the debtor) were divorced on December 13, 1988, in Green Lake County, Wisconsin. The Findings of Fact, Conclusions of Law and Judgment of Divorce were signed by the judge on May 9, 1989, *nunc pro tunc* December 13, 1988. The judgment awarded joint custody of the minor children to both parents and physical placement with the husband for nine months of the year and with the wife for three months. Payment of child support by the wife was provided.

Property division was determined in accordance with the decision of the court dated March 23, 1989, for which a separate hearing was held, and a copy of that decision was appended to the judgment. The March 23, 1989 decision provided for the distribution of a number of items of personal property and determined that Mr. Zick had a pension fund with his employer that at the time of the divorce had a value

of $39,320.70. The following provisions were also included:

> As to the outstanding debts. The Court again has not been furnished with a written summation from which to work. The Court has already covered the issue of the real estate, mortgage, taxes, and the judgment. There were additional bills owed such as an account at the Del Monte Credit Union, Sears for appliances, a loan at the Farmers State Bank for attorneys fees accumulated during the divorce.

> On the attorney fees owed to Mr. Slate and Mr. Wilsnack. The court orders that they are the responsibility of Peggy, but Brian is ordered to contribute the sum of $500.00 towards her attorney fees.

> The loans Peggy incurred during the divorce to her father and to Chip Cratchy shall be her responsibility.

> The charges of Dodge County for the custody investigation of Mr. Kaminski as Guardian ad Litem will be divided, Peggy to pay Dodge County and Brian to pay Mr. Kaminski's.

> Brian is awarded the house, subject to the mortgages, taxes and judgment. He is also awarded the Olds Auto. Peggy is awarded the Chev [sic] truck.

> Peggy is to be awarded sufficient kitchen utensils, household equipment, etc. to enable her to live on her own, keeping in mind sufficient shall be left for the children, but also keeping in mind Peggy will have the children for most of the summer months.

> \* \* \* \* \* \*

> The court orders that the property, after credit for debts, be divided 50/50 as nearly as possible. If Brian has to withdraw sums from his pension fund to complete the division, any taxes and/or penalties paid shall be shared 50/50. It may be that provisions can be made to withdraw the funds over an agreed period of time which may allow for the elimination of any penalty.

The debtor/husband filed his Chapter 7 petition on May 17, 1989. The discharge was granted on August 29, 1989.

On May 28, 1989, the attorney for the wife filed a motion asking the divorce court to divide the personal property of the parties because they were unable to work out the division as the court had suggested in its December 13, 1988 decision. It is not clear if a hearing was held.

On June 9, 1989, the attorney for the wife wrote a letter to the state court judge informing him of the husband's bankruptcy and stating, "We believe that his filing bankruptcy is a basis for a modification of the divorce decree and property division." He also stated he needed clarification of the award of attorney fees and apparently a determination of dischargeability of those fees. There was no formal motion made at that time the letter was written, but he asked for a "conference hearing" on those matters.

It appears that there was no informal conference because the wife's attorney filed a motion on June 15, 1989, requesting "a modification of the property division," citing the husband's bankruptcy as a "change of circumstances, justifying a modification of previously ordered property division." The hearing was scheduled for July 19, 1989, and the court issued its decision on November 15, 1989. That decision stated in pertinent part as follows:

> The issue before the Court is the property division in this divorce. The Court has already ruled, March 23, 1989, on the values of most of the items and assigned most of the property. The final details were left to the parties.

> Now it appears that the parties cannot agree even as to those small items. Therefore, the court orders the following as distribution of this marital estate. The court finds that the total marital estate of the parties at the time of the divorce consisted of a home valued at $31,000, Two motor vehicles with a total value of $2,100, Mr. Zick's pension plan with a value of $39,321.00 and household goods with a value of $4,962.00. On the household goods, the Court reduced the claimed value of $6,617.00 by $1,655.00 because the $6,617.00 was based on cost

of the items, not on their value at the time of the divorce.

This makes the total estate have a gross value of $77,383.00. This is different than the amount submitted by Counsel. The Court re-added Counsel's figures and found a $3000.00 error in the total assets.

The Court finds that the marital debts of the parties are: Farmers State Bank mortgage on house, $17,099.00; delinquent real estate taxes, $970.00; attorney fees, $1,578.00; debt to Chip Cratchy, $1,000.00; judgment to LeRoy Rosenthal of $9,141.00. Also expenses of the divorce: Dodge County custody investigation of $150.00 and Guardian ad Litem fee of $252.30 owed to Green Lake County. This makes the total debts of the parties $30,190.30, which leaves a net estate of $47,193.00.

As to the division of assets and liabilities. Mr. Zick is awarded the home, subject to the mortgage and back taxes. He is also awarded the Olds auto and the household goods. Mr. Zick is also to pay his own attorney fees, the amount of which we do not know.

The assets awarded to Mr. Zick total $37,962.00, subject to debts of $18,069.00, leaving a net distribution of $19,893.00.

Mrs. Zick is awarded the Chev [sic] truck with a value of $100.00. She is also ordered to pay the indebtedness to LeRoy Rosenthal, Chip Cratchy, Dodge County Custody Investigator, the Guardian ad Litem fee of $252.00, and her attorney fees. The assets awarded total $100.00; the debts total $12,121.00, leaving a net of (minus) − $12,021.00.

Since the court has previously ordered that the estate is to be divided equally and has found that the net marital estate is $47,193.00, that means that each party is to receive cash or property of the value of $23,596.00.

That means Mrs. Zick must be awarded an interest in the pension fund sufficient to cover her assigned debts and leave her $23,596.00 after payment. This adds to a total award from the pension fund of $35,617.50. The balance of the pension fund in the amount of $3,703.50

is awarded to Mr. Zick. When this is added to Mr. Zick's $19,893.00 other assets, it makes his 50% total of $23,596.50.

The court amended its decision on November 30, 1989, to add that Mrs. Zick's award of a portion of Mr. Zick's pension fund in the amount of $35,617.50 included "all rights of withdrawal that Mr. Zick would have had in the event the account had stayed in his own name." A Qualified Domestic Relations Order (QDRO) was entered on December 11, 1989, and amended on March 21, 1990. Since the funds have now been withdrawn, these later orders are of no consequence.

## DISCUSSION

■ The filing of a bankruptcy petition results in the imposition of an automatic stay preventing the commencement or continuation of any action against the debtor, with certain limited exceptions. 11 U.S.C. § 362(a). One of the exceptions is an action for recovery of alimony, maintenance and support from property that is not property of the estate, 11 U.S.C. § 362(b)(2), but no one seriously argues that is what occurred here. The wife's motion was for modification of the property division, which clearly falls within the prohibitions of the automatic stay because it is a continuation of the original divorce action. *See In re Stringer*, 847 F.2d 549 (9th Cir.1988) (motion to modify support violated the automatic stay because it was a continuation of the original divorce action); *accord, In re Dexter*, 116 B.R. 92 (Bankr.S.D.Ohio 1990).

There is no question that the wife's attorney was aware of the bankruptcy, because the moving papers so stated. Both he and the former wife are on the schedule of creditors, so she must have known as well. The attorney often practices before this court, and he is familiar with such basic bankruptcy law as the imposition of the automatic stay. Accordingly, sanctions are appropriate against both of them. 11 U.S.C. § 362(h); *Matter of Behm*, 44 B.R. 811 (Bankr.W.D.Wis.1984). The attorney for the husband shall submit an itemization of costs incurred on account of actions

taken in state court after the bankruptcy, and this court shall determine the appropriate amount of such sanctions.

■ The husband argues that the divorce court's award of a portion of his pension fund constitutes property division, and any obligation thereunder is discharged. He is correct that an obligation of one spouse to the other created by a divorce judgment is dischargeable unless it is for alimony, maintenance or support or it is "in the nature of" alimony, maintenance or support. 11 U.S.C. § 523(a)(5). But the divorce court did not create an obligation of the husband to the wife as part of a property division that he can now discharge. The court awarded Peggy Zick a portion of the pension fund in her husband's name; it became her property, not his. *In re Stolp*, 116 B.R. 131 (Bankr.W.D.Wis.1990); *In re Farrow*, 116 B.R. 310 (Bankr.M.D.Ga.1990).

At the time the property division was made the court did not have evidence as to all the values and obligations, but it stated, "The Court orders that the property, after credit for debts, be divided 50/50 as nearly as possible." The court's intent was not to create a debt from the husband to the wife, nor to create a lien on his property, nor to establish an installment obligation. All of the assets and debts later quantified by the court in its November 15, 1989, decision on property division were actually assigned in the original property division decision dated March 23, 1989. The court gave the parties the flexibility to work out what cash would be used to equalize the shares and whether the pension plan would be withdrawn. If it were withdrawn, the sharing of expenses was provided. Nevertheless, the court intended to divide the entire estate, including debts, as of the date of the divorce. All that was left to do was to assign dollar amounts to the assets and liabilities awarded to each party. When the bankruptcy was filed, the former husband owned nothing more than the one half of the parties' previous aggregate estate.

The court's statements in its November 15 and 30, 1989 decisions confirm its original intent that there be a 50/50 division of the entire estate. On November 15, 1989,

it stated, "The court has already ruled, March 23, 1989, on the values of most of the items and assigned most of the property. The final details were left to the parties."

The property division established rights in the parties' aggregate marital estate that cannot be changed by an action brought in violation of the automatic stay. Acts done in violation of the stay are void, except under unusual circumstances not present here, and this court finds that to the extent the property division was modified, the action is void. *See, e.g., In re Smith*, 876 F.2d 524 (6th Cir.1989). Changing the decree to take property from the husband to compensate the wife for the debts discharged by the debtor has the effect of requiring him to pay debts that were discharged in bankruptcy. This violates the supremacy clause and is an impermissible use of state action. *In re Edwards*, 91 B.R. 95, 96 (Bankr.C.D.Cal.1988).

This is distinguishable from a case in which the debtor was ordered by the divorce decree to pay maintenance or support to the former spouse as well as certain debts and then files a petition in bankruptcy. Not only may a court find the debts nondischargeable as being "in the nature of alimony, maintenance, or support" under 11 U.S.C. § 523(a)(5), the state court may find that the debtor's discharge constitutes a change of circumstances warranting an increase in maintenance or support of the former spouse or children. *Eckert v. Eckert*, 144 Wis.2d 770, 424 N.W.2d 759 (Ct. App.1988); *Myers v. Myers*, 54 Wash.App. 233, 773 P.2d 118 (1989); *see, also, Hopkins v. Hopkins*, 487 A.2d 500 (R.I.1985) (waiver of alimony was contingent on payment of debts, and bankruptcy was sufficient change in circumstances to warrant imposition of alimony). The present case involves a pure property division.

Had the wife not attempted to continue the divorce action, this court would have had to determine how much of the pension was originally awarded to the wife, because the state court did not have the exact amount of some asset values and debts.

This was needed to calculate the division accurately. This court would probably have abstained to allow the state court to make such a calculation with additional evidence, but that is not necessary in light of the information contained in the post bankruptcy proceedings. If the court had had the evidence on March 23, 1989, that it was later provided, the property division would have been as follows:

| | |
|---|---|
| $31,000.00 | homestead |
| (17,099.00 ) | mortgage |
| (9,140.87 ) | judgment lien (Leroy Rosenthal, wife's father) |
| (970.00 ) | real estate taxes |
| 39,320.70 | husband's pension |
| 4,962.00 * | household goods |
| 2,000.00 | husband's car |
| 100.00 | wife's truck |
| (1,578.00 ) | wife's attorney's fees |
| (1,000.00 ) | Cratchy debt |
| (150.00 ) | Custody investigation |
| (252.30 ) | GAL fees—Atty. Kaminski |
| $47,192.53 | Total divisible estate |
| $23,596.27 | ½ of total divisible estate = each spouse's share |

*The court later corrected its original finding of the value of the household goods, and the corrected amount is used. Apparently all of the household goods were kept by Mr. Zick.

$47,192.53 (rounded to $47,193) was the amount found to be the divisible estate when the divorce court applied the numbers in November, 1989.

The March 23, 1989 property division, with amounts later provided, awarded each party assets and debts as follows:

Husband:

| | |
|---|---|
| $ 3,790.13 | Homestead ($31,000), subject to mortgage ($17,099), judgment lien ($9,140.87) and real estate taxes ($970) |
| 4,962.00 | Household goods |
| 2,000.00 | Car (total vehicles were valued at $2,100, and the wife's truck was valued at $100) |
| (500.00 ) | Wife's attorney's fees (total $1,578) |
| (252.30 ) | GAL fees—Atty. Kaminski |
| $ 9,999.83 | Subtotal |
| $13,596.44 | Pension needed to balance |
| $23,596.27 | Total property division = ½ of $47,192.53 |

Wife:

| | |
|---|---|
| $ 100.00 | Truck |
| (1,000.00 ) | Cratchy debt |
| (150.00 ) | Custody investigation |
| (1,078.00 ) | Wife's portion of her attorney fees (total $1578) |
| ($ 2,128.00 ) | Subtotal |
| $25,724.27 | Pension needed to balance |
| $23,596.27 | Total property division = ½ of $47,192.53 |

The wife's debt to her father incurred during the divorce (which was treated separately and addressed in a separate paragraph from her father's $9,140.87 judgment lien) and the husband's attorney's fees were assigned to each of them in the March 23, 1989 decision but were not valued and were not considered in the total property division. These debts were likewise not a part of the November 15, 1989 decision.

The difference between the calculations of this court set out above and the calculations of the divorce court in its November 15, 1989 decision is attributable to the assignment of the judgment debt of the wife's father, Leroy Rosenthal, to the wife. This was not assigned to her in the original property division. The home was awarded to the husband subject to that judgment lien, which presumably meant that the court intended that he pay it. The bankruptcy schedules indicate that this judgment represented a loan for the down payment on the house, which was awarded to the husband. Why this liability was shifted to the wife after the husband's bankruptcy, this court will not speculate. However, the effect was to award the wife additional cash from the pension plan to compensate for assigning her the judgment debt, now discharged by the husband. This court is mindful that the homestead exemption probably makes the judgment ineffective to create a lien, and she is now solely liable on the debt. However, to the extent the modified property division awarded her this additional cash, it is void.

■ The $500 debt of the husband to the wife's attorney was obviously included as part of the property division. It is part of

the total divisible estate as eventually calculated by the court and is not a separate award apart from the property division. The wife was awarded no maintenance and was required to pay child support, further indicating that this award was not intended for support. She was ordered to pay certain debts. The wife was employed, and there is no finding that she needed additional support or that the husband was able to provide it. Therefore, this award does not have the usual indicia of an award of attorney fees that is in the nature of alimony, maintenance or support. *See, e.g., In re Spong*, 661 F.2d 6 (2nd Cir.1981); *In re Wisniewski*, 109 B.R. 926 (Bankr.E.D.Wis. 1990); *see also In re Stone*, 79 B.R. 633, 638 (Bankr.D.Md.1987); *In re Coffman*, 52 B.R. 667 (Bankr.D.Md.1985) (general considerations in determining whether a debt is for support or property division). While an award of attorney's fees is often determined to be for support, here it is clearly part of the property division. *See In re Schroeder*, 25 B.R. 190 (Bankr.N.D.Ill. 1982) (award of attorney's fees was part of property division and was dischargeable).

The $39,320.70 in the pension plan as of the date of divorce has undoubtedly earned interest since that time, both in the plan and in the attorney's trust account. Since Mrs. Zick received 65% of the pension plan in the divorce, and Mr. Zick received 35%, the interest should be divided pro rata.

This decision constitutes the findings of fact and conclusions of law of this court pursuant to Bankruptcy Rule 7052. A separate order consistent with this decision will be entered.

## ORDER

For the reasons stated in the court's decision of November 28, 1990, IT IS ORDERED:

1. The defendant's portion of the debtor's pension plan, $25,724.27, is her property and not property of the debtor, and she may recover this amount, plus pro rata interest earned from the date of divorce, from pension funds held by her attorney. The balance of said funds shall be paid to the debtor.

2. The debtor's $500 debt to the wife's attorney for services rendered in the divorce is discharged.

3. The debtor is entitled to sanctions against the defendant and the defendant's attorney for willful violation of the automatic stay, said sanctions to be determined by further order of this court.